## JOHN W. WRIGHT v. STATE.

No. A-3258.    Opinion Filed Oct. 18, 1919.

(184 Pac. 158.)

INDICTMENT AND INFORMATION—Information Under Habitual Criminal Act.—Requisites. "An information, in order to charge a crime under the Habitual Criminal Act, should contain allegations of fact, setting forth that the offense charged is a second or subsequent violation of the law, and that the person charged has been convicted in a court of competent jurisdiction. In this respect, the information must be definite and certain."

*Appeal from District Court, McCurtain County;*

*C. E. Dudley, Judge.*

John W. Wright was convicted of a second offense of violating the prohibitory liquor law, and he appeals. Reversed.

*Claud P. Spriggs* and *John C. Earl,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error was tried upon an information which charged as follows:

"The said John W. Wright did in said county on or about the said 11th day of November, 1916, unlawfully,

willfully and feloniously have in his possession about seven gallons of whisky, the exact amount of which is to this informant unknown, with the unlawful intent on the part of him, the said John W. Wright, to dispose of the same in violation of the prohibitory laws, he the said John W. Wright having been heretofore convicted and served sentence for the same offense, contrary to," etc.

The jury rendered the following verdict:

"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, John Wright, guilty as charged in the information herein, and fix his punishment at a fine of fifty dollars and imprisonment in the penitentiary for the period of three years."

To reverse the judgment rendered in pursuance of the verdict, the defendant appeals.

Upon the record in this case, the sole question which is presented for the decision of this court is the sufficiency of the evidence to sustain the verdict and judgment of conviction. It appears that the only proof of a former conviction in this case was evidence introduced by the court clerk, identifying an information filed in the county court of said county, charging the defendant with the unlawful possession of intoxicating liquor, and the verdict of the jury rendered thereon. The state failed to offer in evidence the judgment of conviction.

In answer to the defendant's brief, the Attorney General has filed a confession of error in part as follows:

"We agree with counsel that under the ruling in the cases of *Fowler v. State,* 14 Okla. Cr. 316, 170 Pac. 917, and *Tucker v. State,* 14 Okla. Cr. 54, 167 Pac. 637, the information and verdict contained in the record in connection with the former conviction were inadmissible in evidence in this case. In the Fowler Case, *supra,*

this court held that an information containing an allegation of a plea of guilty by the accused, was not an allegation of a 'conviction,' and that it was necessary to plead and prove the judgment of conviction in the previous case. A verdict of a jury arises to no higher legal plane than a plea of guilty, and eliminating from this case the verdict and information erroneously admitted in evidence, there is nothing left in the way of proof showing that this defendant had previously violated the prohibition laws. It appears that the prosecution was given permission to introduce in evidence the judgment roll, or journal entry of the county court showing this conviction; but the record fails to show what it was, or that it was introduced.

"Counsel for defendant did not direct their demurrer to the evidence on this ground of total failure of proof pertaining to the prior conviction, but raised a separate and distinct question already briefly disclosed. However, in view of the Tucker and Fowler Cases, *supra*, and what seems to be the almost universal rule of all the courts, that these strictly statutory crimes pertaining to offenses strictly *malum prohibitum* as to the essential ingredients thereof, 'no intendment, inference or implication will be indulged in' to sustain the validity of a conviction had under these wise, but not seldom drastic, statutes, we admit that the evidence was fundamentally insufficient, and therefore defendant's failure to demur on that ground, or request the court for a peremptory instruction, did not cure the defect, and that the judgment in this case should be reversed."

After a careful examination of the record, the conclusion which we reach is that the confession of error is well founded. While no objection was made to the information, it may be well for us to say here that the same is insufficient to properly charge a crime under the Habitual Criminal Act, Laws 1910-11, c. 70, sec. 18. In the case of *Fowler v. State, supra,* it is held:

"An information, in order to charge a crime under the Habitual Criminal Act, * * * should contain allegations of fact, setting forth that the offense charged is a second or subsequent violation of the law, and that the person charged has been convicted in a court of competent jurisdiction. In this respect, the information must be definite and certain."

Because the evidence is insufficient to show a former conviction, the judgment is reversed.