## No. 10,499.

### BANAS *v.* THE PEOPLE.

Decided December 4, 1922.

Plaintiff in error was convicted of a second offense against the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Intoxicating Liquors—Instructions.* Where a term is defined by law, an instruction defining it, which employs the language of the statute is sufficient.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Messrs. DEWEESE, WHEELER & OGLE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error was convicted of a second offense against the prohibition law. He has sued out this writ of error, and the cause is before us on his application for a supersedeas.

The jury found the defendant guilty as charged in the third count of the information. This count alleges, in substance, that on October 31, 1921, the defendant was convicted by and before a justice of the peace of the crime of unlawfully selling, and of unlawfully having and keeping in his possession, intoxicating liquor, and that after such conviction, and on to wit, July 8, 1922, the defendant unlawfully and feloniously sold intoxicating liquor.

At the close of the evidence, the defendant requested the court to give to the jury an instruction defining "feloniously." The court thereupon gave such an instruction, but the defendant objected to the instruction, and now contends that the same is erroneous in that the word "feloniously" was, as he claims, improperly defined.

The court's instruction was as follows:

" 'Feloniously' * * * means simply that before you can convict of a second offense against the liquor law as charged in the information, the evidence must show a previous conviction of the defendant for a prior offense against that law within the five years next preceding the alleged second offense."

This instruction does not, of course, define the term "feloniously" as it is defined in law books, dictionaries, or court decisions, but the instruction is not for that nor any other reason erroneous. It contains all that the jury need

be told with reference to the term. Section 22, p. 286, Ch. 98 S. L. 1915, an act relating to intoxicating liquors, provides as follows:

"Every second and subsequent offense, committed within five years of the first, by any of the persons herein designated, shall be deemed a felony, and upon conviction thereof, he shall be imprisoned in the state penitentiary, at hard labor, not less than one year and not more than three years."

The second offense is, therefore, in contemplation of the statute, a felony, regardless of what the term "felony" ordinarily means. Where a term is defined by statute, an instruction employing the language of the statute is sufficient. 16 C. J. 966, section 2360. The instruction here reviewed was correct.

The next point argued relates to remarks of the trial judge addressed to counsel for defendant. We are of the opinion that the remarks in question were not so severe, or discriminating against defendant's counsel as to constitute error. Some of them were addressed jointly to attorneys on both sides.

Other assignments of error are not argued. The application for a supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.