16550

STATE v. PATTERSON
(66 S. E. (2d) 875)

*Mr. Hoke B. Black,* of Greenville, *for Appellant,*

*Mr. Hubert E. Nolin,* County Solicitor, of Greenville, *for Respondent.*

October 1, 1951.

TAYLOR, Justice.

In September, 1950, the appellant was tried and convicted under an indictment pursuant to Section 57(g), Act 281, 46 St. at Large, at page 485, Acts of 1949 of the General Assembly of South Carolina, charging him with operating a motor vehicle while under the influence of intoxicating liquors, third offense. He was sentenced to serve a period of three years in the State Penitentiary, or for a like period upon the Public Works of Greenville County, or to pay a fine of $2,000.00.

The trial and ensuing sentence of appellant for a third offense were predicated on two prior convictions, one in the Municipal Court of the City of Greenville, S. C., for operating a motor vehicle while under the influence of intoxicating liquors on March 29, 1948, when he was sentenced to pay a fine of $60.00 or to serve for a period of 30 days, and another in the Mayor's Court of West Greenville, S. C., on October 18, 1948, upon the same accusation, where he forfeited a bond of $100.00.

Within due time, notice of intention to appeal to this Court was served, and the exceptions present substantially the sole question of whether the conviction in the instant case for the third offense is proper where both prior offenses were committed prior to the enactment of the 1949 Act under which this last conviction was had, and where the said 1949 Act specifically repealed Act 163, of the 1947 Acts of the General Assembly of South Carolina, 45 St. at Large, p. 216, which dealt with driving under the influence of intoxicating liquors and the punishment therefor.

The wording of the applicable portion of the 1949 Act is identical with the similar portion of the 1947 Act; therefore, in our opinion, the legislature did not contemplate, as contended by appellant, that only offenses

committed after June 7, 1949, the effective date of the 1949 Act, should constitute offenses for the purpose of any prosecution for any subsequent offense. The first rule of construction in the interpretation of statutes is that of intention on the part of the Legislature. *McCollum v. Snipes,* 213 S. C. 254, 49 S. E. (2d) 12; *Kalber v. Redfearn,* 215 S. C. 224, 54 S. E. (2d) 791. To sustain appellant's contention would be to find that the Legislature here intended to obliterate the then existing 1947 Act, with all proceedings thereunder, and commence afresh with the 1949 Act. It is proper that we look to the effects and consequences of an interpretation such as is urged. *Day v. Day,* 216 S. C. 334, 58 S. E. (2d) 83. When this is done and the entire enactment of the 1949 Legislature, Act 281, is reviewed, it is evident that there was no intent to wipe clean the slates of those convicted during the effectiveness of the former statute. Rather, it is evident that merely a reaffirmance was intended and accomplished. "It is a general rule of law that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities incurred thereunder are preserved and may be enforced." 50 Am. Jur., Statutes, Sec. 555. See also 50 Am. Jur., Statutes, Sec. 533; 25 R. C. L. 934; *Brown v. Brown,* 213 N. C., 347, 196 S. E. 333.

The proceedings on the two occasions in the courts of the municipalities fall within the definition of "offenses" as contained in Sec. 57(g) of the 1949 Act, *supra,* and the trial and sentence of appellant as a third offender, here, was proper.

It is our opinion that the judgment appealed from should be affirmed, and it is so ordered.

Baker, C. J., and Fishburne, Stukes, and Oxner, JJ., concur.