272 P.2d 702

ELLENWOOD v. CRAMER et al.

No. 8116.

Supreme Court of Idaho.

June 22, 1954.

J. H. Felton and William J. Jones, Lewiston, for plaintiff.

340

Wynne M. Blake, Pros. Atty., Lewiston, for defendants.

KEETON, Justice.

On plaintiff's petition an alternate writ of mandate was issued by this Court requiring Honorable John W. Cramer, Judge of the District Court, Nez Perce County, and Honorable Wynne M. Blake, Prosecuting Attorney of said County, to show cause why a writ of mandate should not be issued, ordering the dismissal of a criminal information in which the State of Idaho is plaintiff and James J. Ellenwood defendant. Within the time required defendants filed a return resisting the motion. The pertinent facts may be stated as follows:

A criminal complaint was filed in a Justice Court of Nez Perce County on the 22nd day of April, 1953, charging plaintiff here with the crime of operating a motor vehicle on a public highway while under the influence of intoxicating liquors (second offense), in violation of Sec. 49–502, I.C., and Sec. 49–561, I.C. Preliminary examination was waived and he was on that date held to answer to the District Court. The commitment and transcript of the proceedings had before the Justice of the Peace were filed with the clerk of the District Court on the 28th of April, 1953. The spring term of court was then in session. No information was filed against defendant during that term. The next term commenced September 7, 1953, and no information was filed at the beginning of the term, and no further proceedings were had or taken in the matter until November 21, when an information was filed and the accused arraigned. At the arraignment the accused was represented by his attorney, J. H. Felton, and pleaded not guilty, but did not claim at that time that he had been denied a speedy trial as directed by art. 1, Sec. 13, of the Constitution, or then assert any other reason for dismissal. During the time which elapsed between the preliminary examination and arraignment, with the exception of the first thirty days, the accused had been released on bail. No trial was had during the year 1953.

On January 14, 1954, which was the commencement of the spring term of court, plaintiff here, defendant in the criminal proceedings above mentioned, filed a motion asking dismissal, claiming that his right to a speedy trial as directed by art. 1, Sec. 13, Idaho Constitution, and Sec. 19–3501, I.C. had been violated. In a separate motion he asked that the proceedings be dismissed for the alleged reason that Secs. 49–502 and 49–561, I.C., being the provisions under which he was charged, had been repealed by Ch. 273, Sec. 192, 1953 S.L., page 551, claiming that the trial court had no jurisdiction to proceed further. The learned District Judge denied both motions.

Plaintiff contends that his constitutional right for a speedy trial was not accorded him, and that Sec. 19–3501, I.C., which provides:

"The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

\*     \*     \*     \*     \*     \*

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

was violated in that the accused was not brought to trial at the term of court in charge was triable, and the District Court has no further jurisdiction in the matter, and the proceedings should be dismissed.

342

Sec. 19–3502, I.C. reads:

"If the defendant is not indicted or tried, as provided in the last section, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody on his own undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

No sufficient reason appears in this proceeding why the information was not filed prior to November 21, 1953, and the accused tried during the fall term of court.

This proceeding therefore presents for decision two propositions; first, did the trial court lose jurisdiction for alleged failure to accord plaintiff a speedy trial, or a trial within the time prescribed by statute? Second, did the court lose jurisdiction because of repeal of the statutes under which plaintiff stood charged?

The minutes of the court pertinent here, as set forth in the return of the District Judge and the Prosecuting Attorney are in part as follows:

"Nov. 21, 1953
"State of Idaho
vs.            }  11962
"James J. Ellenwood

" * * * James J. Ellenwood pleads that he is not guilty of the offense charged in the information. *At the request of counsel for the defendant,* *the trial of this case is continued until the next term of Court."* (Emphasis supplied.)

The correctness of minutes so entered of record are further supported by the affidavit of the District Judge and the Prosecuting Attorney.

In a proceeding in the District Court Ellenwood had asked to have said minutes corrected to conform to what he contended were the facts, i.e., that he never asked for or consented to a continuance. The court heard the motion and by order found the minutes to be correct, finding:

"That the minutes of the Court in the above entitled matter made on November 21, 1953, which said minutes are set forth above, are correct, and the petition of the defendant to amend said minutes should be denied."

While the minutes of the court as above shown are disputed in affidavits filed by plaintiff and his attorneys and their correctness challenged, the trial court found the facts on this issue. The facts so found are supported by competent evidence and by an order made of record. In reviewing the proceedings we must accept the facts as so found and shown in the return to be correct.

It thus affirmatively appears that the right of plaintiff to a speedy trial as guaranteed by art. 1, Sec. 13, of the Constitution, was waived, and if the accused

had a right to be tried during the fall term of 1953, by constitutional provision or by statutory enactment, such trial was postponed upon his application and with his consent.

■ Where there is a delay in bringing a defendant to trial assertedly in violation of a constitutional and/or statutory right to a speedy trial, or within the time directed by statute, and which delay is caused by continuance or postponement requested by defendant, or his counsel on his behalf, or where such postponement or continuance is consented to by the accused or his counsel, his right to be tried within the time so fixed is waived, and he may not thereafter be heard to complain of the delay. State v. Eikelberger, 71 Idaho 282, 230 P.2d 696; In re Rash, 64 Idaho 521, 134 P.2d 420; People v. Bill, 140 Cal.App. 389, 35 P.2d 645, reading at page 650; Griffith v. State, 36 Okl.Cr. 322, 254 P. 112; People v. Santora, 51 Cal. App.2d 707, 125 P.2d 606; People v. Meisenhelter, 381 Ill. 378, 45 N.E.2d 678; Sullivan v. State, 215 Ind. 343, 19 N.E.2d 739; State v. Barger, 148 Kan. 590, 83 P.2d 648; People v. Tamborski, 415 Ill. 466, 114 N.E.2d 649; State v. Bohn, 67 Utah 362, 248 P. 119; Flanary v. Commonwealth, 184 Va. 204, 35 S.E.2d 135; State v. Schnell, 107 Mont. 579, 88 P.2d 19, 121 A.L.R. 1082; 14 Am.Jur. 863, Sec. 138. For collection of cases, see 129 A.L.R. 575.

In the proceedings taken against Ellenwood in the District Court it affirmatively appears that the postponement was not only consented to, but made on application of his counsel.

The right of a defendant to a speedy trial was recognized at common law and this right has been embodied in our Constitution. Idaho Statutes, Sec. 19–3501, I.C., has defined in substance what is meant by a speedy trial, that is, one accused of crime should be tried not later than the next term of court subsequent to being held to answer, unless the trial is postponed upon defendant's application, or with his consent, or other lawful, valid reason.

This Court, in In re Rash, 64 Idaho 521, 134 P.2d 420, 422, defined "speedy trial" as "as soon as reasonably possible".

■ One accused of crime is entitled to be tried under fixed standards and rules, free from capricious and oppressive unnecessary delays and with reasonable diligence. The term speedy trial is relative, and must be considered and construed and applied depending upon all surrounding facts and circumstances. No arbitrary, fixed standard applicable to all situations can be defined. Time must, in many cases, be allowed for preparation, assembling of witnesses, or other reasons, and all circumstances and conditions must be considered in determining whether or not one accused of crime was accorded a speedy trial within the meaning of the constitutional provision.

■ In the instant case, the accused was not in custody, did not ask or demand a

trial, and when arraigned made no contention that he had not been accorded a speedy trial, and at that time asserted no reason why the proceedings against him should be dismissed. In plaintiff's showing for the writ of mandate, he avers that he expected to be tried about December 7th and made preparations to go to trial at that time.

While the facts before us show no valid reason for not filing the information sooner and according the accused a trial, in view of the facts as above stated, we conclude that the plaintiff's constitutional rights, independent of statute, were not violated.

The crime for which plaintiff stood charged was a violation of Secs. 49–502 and 49–561. I.C.

In a re-enactment and revision of the motor vehicle acts, Ch. 273, 1953 S.L. effective January 1, 1954, prior acts, Ch. 5, Title 49, as amended and Chapters 15, 169, and 256, Laws 1951, covering the subject matter of Ch. 273, 1953 S.L., were repealed. Such repeal included the two sections of the Idaho Codes defining the crime of which plaintiff was accused.

The re-enactment of the motor vehicle acts, Ch. 273, 1953 S.L. does not contain a saving clause and plaintiff here contends that there can be no prosecution or punishment imposed for a violation alleged to have been committed prior to the repeal of the sections of the statute under which defendant in the District Court stood charged, contending that in the absence of a saving clause, the repeal of an existing statute puts an end to the proceeding.

The crime of driving a motor vehicle while under the influence of intoxicating liquors, Sec. 49–502, I.C. and the punishment to be imposed for a second or subsequent conviction, Sec. 49–561, I.C., were re-enacted, in substance, by Sec. 54, page 496, 1953 S.L., and the same punishment prescribed as in the sections of the former act under which defendant was informed against.

Sec. 67–513, I.C. reads as follows:

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment and punishment is expressly declared in the repealing act."

Plaintiff here contends that the word "indictment" as used in this section does not apply to informations. Sec. 19–1304, I.C. reads in part as follows:

"The provisions of this code in relation to indictments, and all other provisions of law applying to prosecutions upon indictments, * * * shall in the same manner and to the same extent, as near as may be, apply to informations and all prosecutions and proceedings thereon."

The general saving clause, Sec. 67–513, I.C. continued in effect the provisions of the statute repealed for crimes committed prior to the repeal, and an action or criminal proceeding commenced pursuant thereto does not abate the proceeding taken against the defendant prior to the repeal.

Further, where a statute is repealed and all of its provisions are at the same time re-enacted, such re-enactment is an affirmance of the old law so that the provisions of the repealed act which are thus re-enacted, continue in force without interruption and all rights and liabilities incurred thereunder are preserved and may be enforced. 50 Am.Jur. 538, Sec. 533; 50 Am.Jur. 559, Sec. 555; 50 Am.Jur. 573, Sec. 576; Lewis' Sutherland Statutory Construction, 2nd Ed., V. 1, 445, Sec. 234; Black on Interpretation of Laws, 2nd Ed. 421, Sec. 125; State v. Gumber, 37 Wis. 298; E. L. Husting Co. v. City of Milwaukee, 200 Wis. 434, 228 N.W. 502; State v. Wish, 15 Neb. 448, 19 N.W. 686; Brown v. Brown, 213 N.C. 347, 196 S.E. 333; State v. Patterson, 220 S.C. 269, 66 S.E.2d 875; Moore v. Commonwealth, 155 Va. 1, 155 S.E. 635; Commissioner of Internal Revenue v. Emery, 7 Cir., 62 F.2d 591; Sekt v. Justice's Court, 26 Cal.2d 297, 159 P.2d 17, 167 A.L.R. 833.

It is evidently apparent that there was no intent on the part of the Legislature to forgive offenses committed in violation of sections under which plaintiff was informed against, which had not been reduced to judgment.

The alternate writ of mandate is quashed, the permanent writ is denied and the proceeding dismissed.

PORTER, C. J., TAYLOR, J., and NORRIS, District Judge, concur.

THOMAS, J., concurs in the conclusion reached.