279 P.2d 634

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Burton F. WEBB, Defendant-Appellant.**

**No. 8186.**

Supreme Court of Idaho.

Jan. 31, 1955.

Tom F. Alworth, Filer, for appellant.

Robert E. Smylie, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., Max G. Lloyd, Pros. Atty., and William J. Langley, Deputy Pros. Atty., Twin Falls, for respondent.

164

ANDERSON, Justice.

May 3, 1954 the Prosecuting Attorney of Twin Falls County filed a felony information against appellant, charging him with driving a motor vehicle while under the influence of intoxicating liquor, second offense, alleging in substance and among other things, that on or about February 23, 1954, appellant wilfully, knowingly and feloniously operated a certain automobile upon a certain street in Twin Falls, Idaho, while he was under the influence of intoxicating liquor; that his act of so driving the motor vehicle upon a public highway while under the influence of intoxicating liquor as alleged, was the second offense thereof committed by said appellant, he having been previously convicted thereof under the laws of the State of Idaho in the justice's court of Twin Falls precinct, Twin Falls County, Idaho, March 30, 1953.

To this information appellant filed a demurrer based upon the grounds that Section 49–502, I.C., and Section 49–561, I.C., under which appellant was convicted March 30, 1953, were repealed by the 1953 Legislature and replaced by Section 49–520.2, I.C., effective January 1, 1954 and that the latter section completely governs all offenses for driving motor vehicles while under the influence of intoxicating liquor since said date.

After a hearing on the demurrer, it was overruled. The case, tried before a jury, resulted in a verdict of conviction. A motion in arrest of judgment was then made by appellant based upon the same grounds as was his demurrer to the information. The motion was denied and appellant was sentenced to a term in the penitentiary as a second offender.

Appellant contends the court erred in overruling his demurrer and motion in arrest of judgment and in the admission of evidence pertaining to the analysis of his blood.

The State in its brief contends that appellant should have moved to strike all evidence as to the prior conviction, rather than having demurred to the information.

The objection that the information in a criminal case does not state facts sufficient to constitute a public offense, may first be made in the trial court, either by demurrer to the information or at the trial under a plea of not guilty, or after the trial by a motion in arrest of judgment. State v. Hinckley, 4 Idaho 490, 42 P. 510; State v. Sedam, 62 Idaho 26, 107 P.2d 1065; State v. Schirmer, 70 Idaho 83, 211 P.2d 762; State v. Slater, 71 Idaho 335, 231 P.2d 424; Sections 19–1703(4), 19–1711, and 19–2408, Idaho Code.

Section 19–1516, I.C., among other things, provides that a defendant, on arraignment, may move to set aside, demur, or plead to, the indictment. Section 19–1304, I.C., makes the provisions of the statutes concerning an indictment applicable to an information.

Appellant's demurrer and motion in arrest of judgment were proper pleadings in this case, although they may not have been his exclusive remedy. We fail to find that the motion in arrest of judgment has been waived, as contended by the State, since the record shows the trial court denied the motion.

The question then arises whether the District Court was correct in overruling the demurrer and denying the motion in arrest of judgment.

At the time of appellant's first conviction March 30, 1953, Sections 49–502 and 49–561, I.C., were the law. They provided:

"It shall be unlawful and punishable as provided in section 49–561 for any person whether licensed or not who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway within this state." Section 49–502, I.C.

"Every person who is convicted of a violation of section 49–502 relating to habitual users of narcotic drugs and driving while under the influence of intoxicating liquor or narcotic drugs shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than six months or by fine of not less than $100.00 nor more than $300.00 or by both such fine and imprisonment. On a second or subsequent conviction he shall be imprisoned in the state penitentiary at hard labor for not less than two years and not more than five. * * *" Section 49–561, I.C.

The above Sections remained the law until January 1, 1954 when they were repealed and simultaneously re-enacted in part as Section 49–520.2, Idaho Code. The parts in that Section applicable to this case are:

"(a) It is unlawful and punishable as provided in paragraph (d) of this section for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

* * * * * *

"(d) Every person who is convicted of a violation of this section shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than six months or by fine of not less than $100 nor more than $300 or by both such fine and imprisonment. On a second or subsequent conviction he shall be imprisoned in the state penitentiary at hard labor for not less than two years and not more than five. * * *"

Appellant contends, as Sections 49-502 and 49-561, I.C., were repealed, that a prior conviction thereunder now has no legal effect; and that the provisions of Section 49-520.2, I.C., were intended to apply only to one or more convictions under that Section after it went into effect January 1, 1954. He contends, in effect, that the offense committed February 23, 1954, must be considered a first offense thereunder and as such was triable in the justice's court and that the information did not state a felony offense as charged. Appellant bases this contention upon the requirement of Section 49-520.2, I.C., that there be a former conviction under "this section," which does not refer to a conviction under the statutes originally enacted in 1927. Chapter 260, sections 2 and 59, 1927 Session Laws, page 482.

█ This Court recently held:

"* * * where a statute is repealed and all of its provisions are at the same time re-enacted, such re-enactment is an affirmance of the old law so that the provisions of the repealed act which are thus re-enacted, continue in force without interruption and all rights and liabilities incurred thereunder are preserved and may be enforced. (Citing cases.)" Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702, at page 706.

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment and punishment is expressly declared in the repealing act." Section 67-513, I.C.

█ In the case now before the Court, it is to be noted all of the statutory provisions repealed and those simultaneously re-enacted are not the same, but as far as this case is concerned, the statute under consideration makes it unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle upon any highway within this State and the penalty for a second offense has remained the same. Section 49-520.2, I.C., omits the words "upon any highway", which broadens it and there is also added additional offenses, but Section 49-520.2, I.C., continues the offense of which appellant originally was convicted.

"* * * 'A subsequent act of the Legislature repealing and re-enacting,

.at the same time, a pre-existing statute, is but a continuation of the latter, and the law dates from the passage of the first statute and not the latter. * * *' " State v. Ward, 328 Mo. 658, 40 S.W.2d 1074, at page 1078. See also People v. Atkinson, 1953, 115 Cal.App.2d 425, 252 P.2d 67.

In construing criminal statutes, courts are free to consider the effect and consequence of differing and available constructions of a statute.

"When this is done and the entire enactment * * * is reviewed, it is evident that there was no intent to wipe clean the slates of those convicted during the effectiveness of the former statute. Rather, it is evident that merely a reaffirmance was intended and accomplished." State v. Patterson, 1951, 220 S.C. 269, 66 S.E.2d 875, at page 876.

As far as the substance of the crime in this particular case and the appropriate penalties are concerned, the new statute is a reaffirmance of the old, even though there are modifications in the new statute.

It is, therefore, our opinion that the Legislature did not contemplate—as contended by appellant—that only offenses committed after January 1, 1954, the effective date of Section 49–520.2, I.C., should constitute offenses for the purpose of any prosecution for any subsequent offense.

This is borne out by 50 Am.Jur. 538, § 533, which reads as follows: .

"There is a slight diversity of opinion as to the effect of a repealing act on so much of the repealed act as is re-enacted in the former. In a few jurisdictions the rule has been laid down that the simultaneous repeal and re-enactment of a statute operate as a repeal and interruption of the former statute, and that rights and liabilities thereunder are not preserved and cannot be enforced. The prevailing view, however, is that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities incurred thereunder are preserved and may be enforced. * * *."

See also 82 C.J.S., Statutes, § 295, p. 505.

The new statute being a continuation of the former, the offense committed by appellant on February 23, 1954 was a second offense within the meaning of Section 49–520.2, I.C. Appellant's prior conviction of the same offense of driving a motor vehicle while under the influence of intoxicating liquor was properly taken into consideration and there was no lack of

168

jurisdiction in the District Court to try the felony charge as set out in the information.

The remaining question raised by appellant is that, although he consented to a blood test, the testimony relative to its result was erroneously admitted in evidence, in that it was not sufficiently identified as appellant's blood nor was it shown the witness properly supervised the test.

The evidence discloses that a sample of appellant's blood was taken personally by the witness Roberts, a medical technologist at the Magic Valley Memorial Hospital, shortly after appellant's arrest; that Roberts labeled for identification the extraction glass and also the container the blood specimen was in; that he made the blood analysis at the hospital laboratory in the customary and regular manner to determine the alcoholic content of the blood, without any assistance from anyone; that about 13½ hours elapsed from the beginning to the completion of the test, due mainly because the type of test he made required leaving the blood over a mixture of sulphuric acid and potassium bichromate acids for a period of twelve hours; that there was only one other test of that kind being made by him at the time, which was also labeled for identification purposes; that the analysis of the blood of appellant showed an alcoholic content of .284% weight of alcohol in the blood, and the other test, which had no connection with this case, showed a higher alcoholic content; that the test was made in the regular way and manner in the course of his work as a medical technologist by Mr. Roberts, and while he did not stay there and keep the blood continually under his observation during the entire 13½ hours, he did more than merely supervise the analysis of appellant's blood, he made the analysis entirely without assistance.

There was nothing in the evidence which would even create a suspicion the blood was molested during the analysis or that anyone who might be interested in tampering with it had access to the hospital laboratory. State v. Smith, Mo., 222 S.W. 455; 21 A.L.R.2d 1223n, 1237n. We believe the evidence was properly admitted.

The judgment of conviction is affirmed.

TAYLOR, C. J., and KEETON, PORTER, and SMITH, JJ., concur.