William Stanley HUNTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13141.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1962.

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by William Stanley Hunter from a conviction, judgment and sentence on a charge of drunken driving, second offense.

The plaintiff in error, defendant below, was charged with said offense by information in the district court of Tulsa County, Oklahoma, was tried by a jury, convicted, and his punishment fixed at one year in the penitentiary at McAlester, Oklahoma, and a fine of $1. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The State has filed a motion to dismiss the appeal, which is wholly without merit, being predicated upon the proposition that this appeal is governed by the amended statutes, Title 22 O.S.1961 § 1054, allowing three months in which to perfect this appeal.

The judgment and sentence was entered herein on May 12, 1961, and the effective date of the amendment of Title 22 O.S. 1951 § 1054 was not until October 27, 1961. Notice of appeal was given on May 17, 1961, and the petition in error was filed herein on November 6, 1961, long before the effective date of the amendment revising the time for perfecting appeals to 90 days instead of six months after judgment and sentence. Hence, it is apparent this appeal was filed under the prior provisions, and is clearly not out of time, and not subject to dismissal.

It is contended by the defendant:

"This court will notice that the information states that this man was convicted in the Municipal Criminal Court and sentenced to ten days in the city jail and fined the sum of $75 plus costs. The Court, in view of the fact that this man had previously been convicted under a state charge, could not sentence him to [municipal] jail by reason of a violation of a state law and he would have to have been committed to the county jail; for that reason the sentence was not proper and does not comply with the provisions of law. Therefore, the first offense could not be a basis for filing a second offense against the defendant herein."

In this connection the record discloses the fact of the prior conviction was stipulated and was not attacked or questioned as not being brought under state law as a predicate for the charge of second and subsequent offense. We observe that the penalty imposed for the conviction forming the basis for second and subsequent offense charge was the minimum of ten days in jail, and a $75 fine, all under the terms of Title 47, § 93, O.S.Laws of 1959. The record does not establish this to have been a police court conviction on a city ordinance violation. We must presume it was not. If such had not been the case, the defendant would have objected on the ground that it was a conviction based on a city ordinance, and not a proper predicate for prior conviction in a second and subsequent offense case. Moreover, this presumption is confirmed by the fact that the defendant complains that he should have been confined in the county jail, and not the municipal jail, under the provisions of Title 11 O.S.1961 § 794, providing for imprisonment on city ordinance conviction in the city jail, and for imprisonment on state convictions in the county jail, and for that reason the defendant contends "the sentence does not comply with the law". Conceding the place of confinement was improper we are not herein concerned with that fact, but only the fact of a former conviction of the violation of a state statute, from which no appeal had been taken and which judgment and sentence had thus become final. Hence, we are not concerned herein with the execution of the judgment

and sentence and the manner or place of execution, but only with the historic fact of a final judgment of former conviction. If the judgment and sentence or execution thereof had been questioned by appeal or by habeas corpus, the case might have been remanded and the place of confinement rectified, but such was not done, and the question is now moot, so far as this appeal is concerned.

Therefore, under the facts herein stipulated, the penalty imposed and its finality, and nothing appearing to the contrary, we are compelled to conclude that the judgment and sentence plead as a predicate for second and subsequent offense, was sufficient in the law to support the second and subsequent offense charge herein.

This situation is clearly distinguishable from the case of Booker v. State, Okl.Cr., 312 P.2d 189. Therein the record conclusively established the prior conviction was not for violation of a state statute (47 O.S. 1959 § 93) but for the violation of a Shawnee city ordinance.

It is further well that we observe that the defendant admitted on cross examination that he had two convictions prior to this offense herein involved. One conviction on December 29, 1955 in the district court of Tulsa County, Oklahoma; one on April 26, 1951 in the municipal court of Tulsa, and the prior offense herein charged as stipulated on August 8, 1958. This evidence being brought out on cross examination went to his credibility as a witness, and was properly admitted in evidence. It is evident we are concerned with a habitual law violator in this case, and if the law permits he should be tried as such.

Therefore it is readily understandable why, in this appeal, the defendant devotes most of his brief to the proposition that the law under which he was prosecuted and convicted is unconstitutional.

This case was brought under the provisions of Title 47 O.S.1959 § 93, penalizing the operator of a motor vehicle while under the influence of intoxicating liquor, second and subsequent offense, as amended. The penalty provisions for such offense being imprisonment in the penitentiary for not less than one year, and not to exceed five years, and not more than a $1000 fine, etc.

The case was lodged in the municipal court of the city of Tulsa, Oklahoma under the provisions of Title 11 O.S.1951 §§ 781–782, establishing such courts in cities of 50- to 80,000 thousand, and giving them jurisdiction, coordinate with the county courts:

"§ 781. In Cities of the State of Oklahoma having a population of more than fifty thousand (50,000) and not exceeding eighty thousand (80,000) inhabitants as determined by the last preceding Federal decennial census, or by the last preceding special Federal census, there shall be, and is hereby, created and established a Court of record which shall be known as the 'Municipal Court of the City of ———' (Naming the city wherein such court is established).

"§ 782. From and after the passage of this Act, the Municipal Criminal Courts shall have original jurisdiction to hear and determine all prosecutions, wherein a Violation of any of the ordinances of the City wherein such a court is established, are charged, and shall have co-ordinate jurisdiction with the County Court of the County and Courts of Justices of the Peace of the County in all cases wherein a violation of any Statute of this State is charged, where the offense, or misdemeanor, against the laws of the State shall have been committed within the corporate limits of the City, wherein such a court is established."

These acts were passed by the 1919 legislature and amended in 1929, at a time when the city of Tulsa was the only city in Oklahoma within that population classification. Judge Edwards, then a member of this court, said in Buchanan v. State, 30 Okl.Cr. 362, 236 P. 903:

"So, as far as the act is concerned, it might as well have referred to the

City of Tulsa by name as to have made the classification it did, which could affect only the city of Tulsa."

This act has been continued in force and effect ever since, and is still the authority for the Tulsa Municipal Court.

█ The county attorney filed the information herein in said court, under the provisions of the old Title 47 O.S.Supp.1959 § 93, effective before the new safety code, Title 47 O.S.1961 § 11–902, was enacted and approved on July 28, 1961, and became effective September 1, 1961. (We make this explanation to avoid confusion in future application of this opinion as to the basic authority for the same. The new law, substantially the same as Title 47 O.S.1959 § 93, may be governed by the same principles herein announced, though not directly involved herein.)

It is not necessary that we go into great detail as to the constitutionality of the second and subsequent offense act, or what is popularly known as the "habitual criminal act." It suffices that the constitutional aspects of this act have been explored in every detail. It has been contended that such a law invades the privileges and immunities of the citizens, (Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L. Ed. 917), and that the enforcement of such a law constitutes cruel and unusual punishment (Graham v. West Virginia, supra; McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542, affirming 173 Mass. 322, 53 N.E. 874. And see in this connection 116 A.L.R. (Anno.) 209, 58 A. L.R. 25, 82 A.L.R. 349.)

In the same notes the question was raised that it is an ex post facto violation to require greater punishment for recurrent offenses. All the foregoing questions were answered in the negative. These annotations also point out that such laws do not constitute double jeopardy, or a denial of equal protection of the law. Neither do they constitute a denial of due process of law, nor amount to an unjust discrimination. Each of the latter constitutional objections are answered in the negative, and are supported by an abundance of authority dating all the way from the first enactment "in Virginia and New York as early as 1796, and in Massachusetts in 1804" (Graham v. West Virginia, supra; McDonald v. Massachusetts, supra) to the present time. Such has been the holdings of the United States Supreme Court and of the states in most every instance where these and similar questions have been raised. That is the reason it was said by this court in Spann v. State, 69 Okl.Cr. 369, 103 P.2d 389:

"There is no merit to the contention of the defendant that the court erred in allowing the introduction of proof pertaining to the prior conviction of the defendant.

"The Legislature by the provisions of Section 1817, O.S., 1931, 21 Okl.St. Ann. § 51, did not create or define a new or independent crime, but said statute describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction. 'Habitual criminality' is a state and not a crime. Various attacks have been made on this statute; the defendants insisting that it conflicted with various sections of the state and federal constitutions. See Tucker v. State, 14 Okl.Cr. 54, 167 P. 637; Fowler v. State, 14 Okl.Cr. 316, 170 P. 917; Wright v. State, 16 Okl. Cr. 458, 184 P. 158; Rogers v. State, 34 Okl.Cr. 15, 244 P. 461; Martin v. State, 30 Okl.Cr. 49, 234 P. 795; Ex parte Weaver, 60 Okl.Cr. 290, 64 P.2d 925; Ex parte Wray, 61 Okl.Cr. 162, 66 P.2d 965.

"Laws of this character are not of recent origin. Statutes of similar import have been uniformly upheld by the courts wherever enacted. As was said by the Supreme Court of the United States in Moore v. State of Missouri, 159 U.S. 673, 16 S.Ct. 179, 181, 40 L.Ed. 301:

" 'Similar provisions have been contained in state statutes for many years,

and they have been uniformly sustained by the courts.'

"The law complained of is a valid, existing penal provision and does not conflict in any way with any of the constitutional guaranties possessed by the accused."

And see Ex parte Hibbs, 86 Okl.Cr. 113, 190 P.2d 156; Williams v. State, 56 Okl.Cr. 245, 37 P.2d 658, and other Oklahoma cases of like import.

All the constitutional questions raised by the defendant herein have been passed on many times by the Supreme Court. An ample citation of the authorities and discussion of constitutional aspects is contained in Judge Hughes' opinion in Graham v. West Virginia, supra, and copious notes on these questions may be found in McDonald v. Massachusetts, supra.

 It is specifically contended herein that the provision of 47 O.S.A. § 93 is unconstitutional in that it takes an offense which, in the first instance of commission would constitute a misdemeanor, and raises it to a felony when committed the second time, or changes the crime from a misdemeanor to a felony. This contention on the surface seems to possess merit, but is exploded by the realization that the matter of defining crimes and fixing degrees of punishment is one of legislative power. 21 O.S.1961 § 2. A case in point as to such power is Braley v. Wingard, Okl., 326 P.2d 775. The effect of this holding is that neither the ordinary definition of felony, nor the penalty that may be imposed determines whether the act may be classified as a felony, but those questions are determined by legislative definition. 25 Am.Jur. 260, § 2, n. 10; Banas v. People, 72 Colo. 392, 211 P. 367. These cases and the statutes therein involved adversely dispose of this contention. And the question of jurisdiction in the event the prior conviction was not considered, ignored, or decided by the jury on the evidence, adversely to the state. It has been said by this court, in Vincent v. State, Okl.Cr., 318 P.2d 889:

"A court once having obtained jurisdiction of a case charging the accused with operating a motor vehicle upon the public highways of Oklahoma while under the influence of intoxicating liquor or opiates (a felony charge), it may not be divested of jurisdiction by the jury failing to find as an historical fact on evidence produced by the State, that defendant had previously been convicted of a charge of operating a motor vehicle upon the public highways of Oklahoma, but may render judgment based on the finding of guilt by the jury of the charge as a first offense. 47 O.S.A. § 93."

See Ex parte Waldock, 142 Okl. 258, 286 P. 765; Fields v. State, Okl.Cr., 322 P.2d 431.

Hence, we are of the opinion this contention is without merit.

 The defendant complains that he was not accorded that fair and impartial trial prescribed by some states in second and subsequent offenses. In this trial the court followed the pronouncement that had been approved in many prior decisions, permitting the reading of the information, including the prior conviction, which put the defendant's character in issue, and otherwise prejudiced the defendant. Of course the jury was instructed that in determining guilt they were entitled to consider only the primary charge and not the prior offense. They were instructed to consider the prior offense only in event of a determination of guilt on the primary offense. The prejudicial nature of such proceeding is apparent. They were corrected in the able opinion written by Judge Nix in Harris v. State, Okl.Cr., 369 P.2d 187, wherein this procedure was revised. This case arose on May 5, 1961, many months before the rendition of the Harris opinion, which provides:

"Allegations of prior convictions in information place reputation of defendant in issue at commencement of

trial and is violation of rule that defendant's reputation may not be placed in issue until such time as it is raised by defendant himself.

"Under second and subsequent offense statute, information should be divided into two parts: in the first, which should be upon first page and signed by prosecuting officer, particular offense with which accused is charged should be set forth; and in second, which should be upon second page, separable from first page and signed by prosecuting officer, former conviction should be alleged. 21 Okl. St.Ann. § 51.

"Under second and subsequent offense statute, entire information should be read to accused and his plea taken in absence of jurors, and, after jury has been impanelled and sworn, that part of the information which sets forth crime for which accused is to be tried should be read to jury, and trial should then proceed as if there were no allegations of former convictions. 21 Okl.St.Ann. § 51.

"Under second and subsequent offense statute, jury should be charged with sole responsibility of reaching verdict as to guilt or innocence of defendant upon charge for which he is being tried, and if jury returns verdict of guilty, evidence should then be presented to prove second portion of information as to prior convictions, and jury should then retire to assess punishment within limits prescribed by statute for primary offense, and, if they find him guilty of prior conviction, they may set punishment as provided in second and subsequent offense statute. 21 Okl.St.Ann. § 51."

Unfortunately for this defendant, his case was tried and adjudicated on the basis of the law then in effect as interpreted by the decisions of this court. In the Harris opinion, in this connection, it was said:

"Procedure adopted by the Court of Criminal Appeals relevant to prosecution under second and subsequent offense statute is not retroactive and does not serve as ground for reversal where trial court has followed well established procedure approved by the Court of Criminal Appeals. 21 Okl. St.Ann. § 51."

In all future cases involving second and subsequent drunken driving cases, the principles announced in Harris v. State, supra must be applied. But the principles therein announced are not applicable herein.

■ It may not be contended that because Title 47, § 93 has been repealed that prior convictions thereunder cannot be asserted as a basis for second and subsequent convictions. This argument is untenable, since the gist of the provisions of Title 47, § 93, and Title 47, § 11-902 are one and the same offense then and repeal and re-enactment continues the old law in effect as to cases that arose thereunder and not barred by the statutes of limitations. People v. Atkinson, 115 Cal.App.2d 425, 252 P.2d 67; State v. Webb, 76 Idaho 162, 279 P.2d 634; Ex parte Allen, 91 Ohio 380, 110 N.E. 535; State v. Patterson, 220 S.C. 269, 66 S.E.2d 875; State v. Mason, 141 W.Va. 217, 89 S.E.2d 425.

This principle is so well recognized it needs no further support.

The foregoing constitutes the only contentions that appeal to us as having any substantial merit.

By reason of the foregoing, the judgment and sentence herein appealed, is affirmed.

NIX, P. J., and BUSSEY, J., concur.