Scott M. MATHESON, Governor of the State of Utah, Plaintiff and Appellant,

v.

The Honorable J. Allan CROCKETT, Defendant and Respondent.

No. 15584.

Supreme Court of Utah.

Jan. 11, 1978.

Robert B. Hansen, Atty. Gen., Joseph P. McCarthy, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

J. Thomas Greene, Salt Lake City, for defendant and respondent.

PER CURIAM:

This friendly suit for a declaratory judgment was brought by the governor of this state to seek an interpretation as to the meaning of U.C.A., 1953, 49–7a–39 which reads:

A trial judge shall retire upon attaining the age of 70 years, and a supreme court judge shall retire upon attaining the age of 72 years, provided; however, any judge serving a term as judge on May 13, 1969, who has attained the age of retirement or attains that age during the term he was serving on May 13, 1969, shall retire on the completion of such term.

Justice Crockett will reach age 72 on January 19, 1978; and if he must retire, it will be necessary for the governor to appoint his successor to serve until the next general election.

The trial judge held that the section above set out does not require the justice to retire prior to the expiration of the term to which he was last elected. When Justice Crockett began his present term on January 4, 1971, as a justice of this Court, the law then in force and effect read:

A trial judge shall retire upon attaining the age of 70 years, and a supreme court judge shall retire upon attaining the age of 72 years; provided, however, any judge serving a term as judge on the effective date of this act, who has attained the age of retirement or attains that age during his present term shall retire on the completion of his present term. (U.C.A., 1953, 49–7–1.1)

Six months after the justice began his present term, section 49–7–1.1 was re-

pealed, and at the same time section 49–7a–39 was enacted. Ordinarily, when an act is repealed and the provisions thereof are simultaneously reenacted, the provisions of the old act are carried over into the new one without hiatus in the law. See 73 Am. Jur., Statutes, § 391. However, in the instant matter, the new act included a provision that the trial judge thought made a difference. This provision is contained in U.C.A., 1953, 49–7a–37 which reads:

Provisions of this act shall not be applied retroactively unless specifically so provided.

The trial judge held that Justice Crockett need not retire prior to the end of the term to which he was elected, and this appeal was brought to have the issue settled by the Utah Supreme Court. Our ruling in this matter will be of no consequence to any except the parties in this suit since no other judge or justice in this state was serving a term on July 1, 1971, that has not already expired, except for the Chief Justice of this Court whose term began prior to the first act and will expire at the end of 1978.

This suit has been conducted without rancor or animosity. Both plaintiff and defendant have been equally interested in having the matter determined. Counsel have cooperated to have the matter speedily decided, and this Court is grateful to the parties and to their counsel for the excellent manner in which this case has been handled.

Counsel for the plaintiff admitted that under the actual wording of the statute, Justice Crockett would not be compelled to retire at age 72. What he does argue is that the legislature, in enacting the new law, intended for him to do so.

■ We may look to the intention of the legislature when there exists an ambiguity in the language of the statute. Here we find no ambiguity at all for the statute clearly states that it is not to be applied retroactively. Such being the case, the defendant herein is not subject to a law that was effective *after* his present judicial term began; but, rather, he is subject to the law that was in effect at the *beginning* of his

present term. That statute (U.C.A., 1953, 49–7–1.1) clearly permits him to complete his entire term even if he reaches age 72 before its expiration. So far as intent goes, it is just as reasonable to assume that the legislature intended to exclude the defendant from the retirement provision as it would be to assume that it meant something which was not said in the statute.

■ Justice Crockett did not become 72 years of age during the term that he was serving on May 13, 1969; and, therefore, section 39 which is not retroactive in its application does not apply to him.

The judgment of the trial court is affirmed. No costs are awarded.

WILKINS, Justice: (dissenting).

I am constrained to dissent.

All statutory references are to Utah Code Ann., 1953, unless otherwise indicated.

Art. VIII, Sec. 28, Constitution of Utah, adopted at the general election November 5, 1968, and effective upon its adoption, states, in relevant part: "The Legislature may provide uniform standards for mandatory retirement . . . of judges from office . . . ."

Sec. 49–7–1.1, effective May 13, 1969, and Sec. 49–7a–39, effective July 1, 1971, are recited in the per curiam opinion. The only differences between these two sections are substitutions of the phrases "on May 13, 1969" for "the effective date of this act"; "during the term he was serving on May 13, 1969" for "during his present term"; and finally "present term" for "such term."

Sec. 68–3–6 states:

The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment.

And the rule stated in this statute is expressed more fully in 73 Am.Jur.2d, Statutes, Sec. 391:

Where a statute is repealed by a new statute which relates to the same subject matter, and which re-enacts substantially

the provisions of the earlier statute, and the repeal and re-enactment occur simultaneously, the provisions of the original statute which are re-enacted in the new statute are not interrupted in their operation of the so-called repeal; they are regarded as having been continuously in force from the date they were originally enacted. Thus, it has been said that the simultaneous repeal and re-enactment of substantially the same statutory provision is to be construed, not as a true repeal, but as an affirmation and continuation of the original provisions. All rights and interests arising under the original statute are therefore preserved; by the same token, liabilities which have arisen under a statute are not affected by its repeal and re-enactment.[1]

Because of Sec. 68–3–6, ante, the other cited authorities, and my reasons given infra, I believe that Sec. 49–7–1.1 (the 1969 statute) and Sec. 49–7a–39 (the 1971 statute) form a continuum, not separate laws, and that the 1971 statute is "an affirmation and continuation of the original provision," i. e., the 1969 statute. The substitutions in the 1971 statute were adopted, I believe, to eliminate any doubt concerning the Legislature's wanting to affirm the prior statute by the new one. Otherwise, references noted ante in the 1971 statute of "May 13, 1969" would be meaningless.

Further, the insertion of this date of May 13, 1969, twice in the 1971 statute is not vitiated by the provision in Sec. 49–7a–37 that:

> Provisions of this act shall not be applied retroactively unless specifically so provided.

It rather re-enforces the argument that affirmation—not abrogation—was legislatively intended in this matter because the insertion of this date is a specific provision that retroactivity—and hence, affirmation—should obtain with respect to ages of mandatory retirement, notwithstanding the usual usage of the word "repeal" by the Legislature when it terminated the old Title 49, Chapter 7 (Utah Judges' Retirement Act), of which the 1969 statute was a part, prior to re-enacting a new Title 49, Chapter 7.

The use of the word "repeal"—in the context herein described—in no way manifests a legislative intent to use that term as a true repeal. But even, arguendo, if that were the intent ". . . a declaration by the legislature that it (a statute) has been repealed is merely a legislative opinion on a judicial question and is not binding on the courts . . ."[2] The re-enactment in this matter, I urge, ". . . is considered a reaffirmance of the old law, and a neutralization of the repeal . . ."[3]

I submit that "uniform standards for mandatory retirement" of judges, Art. VIII, Sec. 28, Constitution of Utah, ante, will be realized only if efficacy is given to the date of May 13, 1969, as the pivotal beginning, beyond which sitting judges can serve out their term of office, where the issue of mandatory retirement is pertinent, only if they have reached the age of mandatory retirement on that date or will do so during the term they were serving on that date.

It is important to note that the 1969 and 1971 statutes clearly state the ages that judges must retire. Matters discussed herein refer primarily to exceptions to that general rule and, because of my analysis and reasons, I feel the defendant is not within the scope of those exceptions.

I have in this dissent stated what I perceive the law to be concerning this matter according to my official view, but, of course, I do not wish these comments to be construed as a diminishment of my personal belief that Mr. Justice J. Allan Crockett is, and will continue to be a distinguished jurist.

1. See also 77 A.L.R.2d 336; *Allied Veterans Council v. Klamath County,* Ore., 544 P.2d 190 (1975); *King v. Uhlmann,* Ariz., 437 P.2d 928 (1969); *State v. Webb,* Ida., 279 P.2d 634 (1955).

2. 77 A.L.R.2d 345 (and authorities cited therein).

3. Ibid.

951

ELLETT, C. J., HALL, J., HENRIOD, Justice Retired, and SWAN, District Judge, participate in the opinion, with WILKINS, J., dissenting as appears hereinabove.