Barbara DeLUCA, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.

No. 870003–CA.

Court of Appeals of Utah.

Dec. 2, 1987.

Jeffrey O. Burkhardt, Salt Lake City, for plaintiff.

K. Allan Zabel, Asst. Atty. Gen., Lorin R. Blauer, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

Before GREENWOOD, BILLINGS and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff appeals from the Industrial Commission's denial of her application for unemployment compensation. We reverse and remand.

Plaintiff, Barbara A. DeLuca, began working for Deseret Medical, Inc. on November 21, 1983. During her employment she developed and was treated for a panic and anxiety disorder characterized by periods of terror, pain, difficulty in breathing, and an inability to cope with being in enclosed or public places. On March 21, 1985, Deseret Medical, Inc. granted plaintiff medical leave. During her medical leave she received disability compensation from her employer's private disability plan,

and, therefore, did not apply for workmen's compensation benefits. In September 1985 she began receiving federal social security benefits. On May 6, 1986, plaintiff's doctor released her to return to work. She contacted her employer and was informed that they had no openings available for which she was qualified and that her disability benefits were terminated.

Plaintiff applied for unemployment compensation benefits on May 15, 1986. The Department of Employment Security (Department) denied her application because she had insufficient earnings during her base period, which was January 1, 1985 to December 31, 1985. During most of that time plaintiff had been on medical leave from work and had no earnings, although she had received federal social security benefits. She claimed that pursuant to Utah Code Ann. § 35–4–4.5 (1974) her base period should be frozen and an earlier period used in determining her eligibility for unemployment compensation benefits.

The administrative law judge (ALJ) rejected plaintiff's argument, stating that under Utah Code Ann. § 35–4–4.5 the base period is only frozen if a person has had a continuous period of sickness or injury for which he or she was compensated under state or federal workmen's compensation or occupational disease laws. The Industrial Commission affirmed the ALJ's decision and this appeal followed.

The issue on appeal is whether plaintiff's base period should have been frozen and an earlier period used pursuant to Utah Code Ann. § 35–4–4.5. The relevant portion of Utah Code Ann. § 35–4–4.5 states:

Notwithstanding any requirements involving base periods ... a person who has had a continuous period of sickness or injury for which he was compensated under the *workmen's compensation or the occupational disease laws of this state or under federal law* shall, if he is otherwise eligible, thereafter be entitled to receive such unemployment compensation benefits as he would have been entitled to receive under the law and regulations based on his potential eligibility at

the time of his last employment.... (Emphasis added.)

The Department's rules and regulations regarding section 35–4–4.5 provide in pertinent part:

The purpose of this provision is to extend the protection of the program to individuals who, because of a period of illness or injury that was the result of a work related incident insured by a Workman's Compensation and Occupational Disease Program, do not have qualifying wages in the calendar quarters designated by the statute as the base period. The term "freezing of base period wages" comes from the ability to use employment and earnings from an earlier base period....

1. To be eligible to use wages from calendar quarters that began prior to the normal base period, all of the following elements must exist:

a. The claimant must have been off work due to a job related illness or injury,

b. The claimant must have been entitled to compensation for the illness or injury under a qualifying Workman's Compensation or Occupational Disease Program of the State of Utah or a Federal program....

Plaintiff claims that under Utah Code Ann. § 35–4–4.5 she qualifies as "a person who has had a continuous period of sickness or injury for which he was compensated under the workmen's compensation or the occupational disease laws of this state or under federal law," because she received federal social security benefits during her period of illness. Therefore, her unemployment benefits should be calculated using an earlier base period. Defendant claims that plaintiff does not qualify under the statute for the freezing of the base period because the benefits she received were not federal workmen's compensation or occupational disease benefits. Therefore, we must determine whether the phrase "workmen's compensation [and] occupational disease laws" modify both state and federal or is limited to state benefits.

In instances where a statute is ambiguous, we examine the legislature's

intent in enacting the statute. *Matheson v. Crockett*, 577 P.2d 948, 949 (Utah 1978). Further, the Employment Security Act is to be construed liberally in favor of awarding benefits. *Nielsen v. Department of Employment Sec.*, 692 P.2d 774, 776 (Utah 1984); *Singer Sewing Mach. Co. v. Industrial Comm'n*, 104 Utah 175, 134 P.2d 479, 485 (1943).

■ Defendant claims that the evolution of the statutory language indicates why the phrase "under federal law" was added in 1971. Accordingly, defendant has provided several of its own departmental documents which it claims reveal the purpose for the amendment. One document is a memorandum from the Department's general counsel indicating that the amendment was drafted at the request of a legislator "to insure freezing of wage credits for returning veterans and for federal workers." Enclosed with the memorandum was the proposed amendment, which is identical to the adopted amendment. Another document is a memorandum from a departmental administrator stating that individuals and organizations representing veterans requested adding "under federal law" to the statute in order to freeze the base period for veterans who had a continuous period of sickness or disability which made them unable to work for a period after their discharge from the service. Based on these documents, defendant claims that only those who received federal workmen's compensation or occupational disease benefits qualify for the freezing of the base period under the statute.

There are two problems with defendant's argument. First, the documents may indicate the intent of the Department in drafting the statute, but it is not clear from the legislative history that the legislature adopted or agreed with that intent when it passed the amendment. "There is not necessarily a correlation between the understanding and intent of a draftsman and the understanding and intent of the legislature." C. Sands, *Sutherland Statutory Construction* § 48.12 (4th ed. 1984). Second, even assuming that the legislature intended the statute to cover veterans and

federal workers does not necessarily mean that only those who received federal workmen's compensation or occupational disease benefits qualify for the freezing of the base period. For example, a veteran may receive disability benefits under 38 U.S. C.A. § 331 (1979), but those benefits are not classified as either federal workmen's compensation or occupational disease benefits and would not literally fall within the statute's ambit. Thus, we must conclude that these documents fail to establish that the legislature intended to freeze the base period only for those who received federal workmen's compensation or occupational disease benefits, as they refer to veterans benefits which are neither.

In interpreting the statute, "[f]oundational rules require that we assume that each term of a statute was used advisedly; and that each should be given an interpretation and application in accord with their usually accepted meaning, unless the context otherwise requires." *Grant v. Utah State Land Bd.*, 26 Utah 2d 100, 485 P.2d 1035, 1036 (1971) (footnote omitted). The statute applies "to a person who has had a continuous period of sickness or injury for which he was compensated under the workmen's compensation or the occupational disease laws of this state or under federal law." The phrase "under the workmen's compensation or the occupational disease laws of this state" is separated by the word "or" from the phrase "under federal law". If we give each term its usually accepted meaning, the two phrases are independent and do not modify each other. According to the placement of these words in the statute, it appears that all persons who otherwise qualify under the statute should be eligible for a freezing of the base period if they have received state workmen's compensation or occupational disease benefits or if they have received federal benefits.

We have determined that the legislative history of the statute does not support the exclusion of all federal benefit recipients except those receiving federal workmen's compensation or occupational disease benefits, and, to the contrary, supports a broader reading by its references to veterans. Further, an analysis of the construction of

the statute's language reveals that the phraseology is disjunctive. Therefore, given the policy of construing the Employment Security Act liberally to provide coverage, we find that "workmen's compensation or the occupational disease laws" modifies only "this state" and not "federal law" in section 35–4–4.5.

 Applying our interpretation of the statute to this case, it is undisputed that plaintiff received benefits under federal law, i.e. federal social security benefits. However, the record does not include a finding of whether plaintiff received those benefits as compensation for sickness or injury. Therefore, this case must be remanded to determine if the federal benefits plaintiff received were compensation for sickness or injury. Also, on remand the tribunal must apply the regulations under Utah Code Ann. § 35–4–4.5 to the facts of this case. The first requirement under the regulations is that plaintiff must have been off work due to a job-related illness or injury. The ALJ's findings of fact stated that plaintiff's belief that stress in her employment aggravated her condition was supported by the diagnosis and conclusions of her psychiatrist and psychotherapist. However, his conclusions of law stated that:

> although the claimant has reason to believe that her impaired medical condition may have been aggravated by the stress inherent in her former employment, it is not within the jurisdiction of this tribunal to decide whether her condition was one for which she was entitled to receive benefits under the Workman's Compensation Law. It is clear that the claimant did not intend or attempt to assert a claim for workers compensation per se, but instead obtained payment through her employer's disability coverage which confers benefits irrespective of whether the insured disability was work-related.

Under our interpretation of the statute, the ALJ had jurisdiction to determine whether plaintiff was off work due to a job-related illness or injury. Therefore, on remand the tribunal must also determine whether plaintiff was off work due to a job-related illness or injury.

Reversed and remanded.

BILLINGS and JACKSON, JJ., concur.