Patricia **MORRISON**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–89–428.

Court of Criminal Appeals of Oklahoma.

May 18, 1990.

E. Mack Bedwell, Durant, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LANE, Vice Presiding Judge:

Patricia Morrison, Appellant, was tried by jury and convicted of the crime of Embezzlement (21 O.S.1981, § 1454) in Stephens County District Court Case No. CRF–87–44. The jury set punishment at one (1) year imprisonment, and the trial court sentenced accordingly. Each of Appellant's three (3) propositions of error are based on her fundamental claim that she could not be an agent of the City of Duncan for purposes of prosecution because by the terms of her contract with the city she was an independent contractor. We find she was in fact an agent and affirm.

On July 22, 1986, Appellant entered into a contract with the City of Duncan through which she became a concessionaire for the city at Lake Humphrey. Under the terms of her contract she was paid $150.00 a month to issue various camping and fishing permits, collect the appropriate fees and turn the fees in to the city on a monthly basis. Appellant did not turn in the fees on a monthly basis and on October 27, 1986, the city's finance director examined her permit books. The city demanded that Appellant pay one thousand eight hundred forty two and 50/100 dollars ($1842.50) within twenty-four hours. It was later determined that included in this sum was two hundred dollars owed by her predecessor. There was evidence presented that Appellant was acting as an agent for her predecessor and collecting the fees prior to becoming a consessionaire herself. Evidence presented at trial showed Appellant had failed to turn over $1643.00 in collected fees to the city during the time she was a concessionaire. Appellant attempted to make a partial payment which the city refused. The amount of this partial payment was not made known at trial.

■ Appellant first argues the information and proof are at fatal variance because she was not an agent of the city. Appellant's contract with the city by which she became a concessionaire states that no relationship of employer and employee exists

between the city and the concessionaire and that the relationship is at all times that of independent contractor. The contract also provides that the appellant agrees to sell city permits and collect use fees on behalf of the city and that appellant shall be liable for the payment of these fees to the city on or before the 28th day of each month. In the jury instructions, given without objection, "agent" was defined as one who is given the authority to act for and in the name of another. (O.R. 45). Appellant does not argue she was not given the authority to act for and in the name of the city of Duncan. Rather she argues that because her employment relationship was one of independent contractor she cannot also be an agent. We reject this argument. Embezzlement is defined by statute as the fraudulent appropriation of property by a person to whom it has been entrusted. 21 O.S.1981, § 1451. Oklahoma has five distinct statutes under which a person may be charged with the crime of embezzlement. The dispositive issue in determining whether the charge of embezzlement is brought under the proper statute is the status of the person to be charged. Appellant was charged under 21 O.S.1981, § 1454 which provides:

> If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement.

The Information alleged Appellant was an agent of the city of Duncan.

The American Law Institute's Restatement (Second) of Agency defines the terms agency, principal, agent and independent contractor as follows:

> Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.
> The one for whom action is to be taken is the principal.
> The one who is to act is the agent.

> .    .    .    .    .

> An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. *He may or may not be an agent.* Restatement (Second) of Agency §§ 1, 2 (3) (1958). (Emphasis added).

The Restatement goes on to explain how a person can be both an independent contractor and an agent.

> One who contracts to act on behalf of another and subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor. Restatement (Second) of Agency § 14N.

This dual status is further explained in Comment "a" to this section.

> Independent contractor as agent. As stated in Section 2, "independent contractor" is a term which is antithetical to the word 'servant', although not to the word 'agent'. In fact, most of the persons known as agents, that is, brokers, factors, attorneys, collection agencies, and selling agencies are independent contractors as the term is used in the Restatement of this Subject, since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. *However, they fall within the category of agents. They are fiduciaries; they owe to the principal the basic obligations of agency: loyalty and obedience . . . .* Colloquial use of the term excludes independent contractor from the category of agent as a similar use excludes trustee, but in both cases there is an agency if in the transaction which they undertake they act for the benefit of another and subject to his control. Restatement (Sec-

ond) of Agency, § 14 N, Comment "a". (Emphasis added).

The facts clearly indicate that Appellant was both an agent and an independent contractor. The City assumed some right to control Appellant's conduct and in performing her municipal function she clearly owed the city loyalty and obedience. Although this is an issue of first impression for this Court, we find that the jurisdictions of Montana and Idaho have addressed it squarely and reach a similar result. *See State v. Holdren,* 143 Mont. 103, 387 P.2d 446 (1963); *State v. Compton,* 92 Idaho 739, 450 P.2d 79 (1969); *State v. Frederick,* 208 Mont. 112, 676 P.2d 213 (1984). We find the State presented sufficient proof of agency, and that the Information properly charged Appellant under 21 O.S.1981, § 1454. Since the issue is not before us we expressly do not comment on the validity of the contract by which the city attempted to limit its civil liability arising from acts of the concessionaires.

■ Appellant next argues that her failure to pay to the city the permit and use fees gave rise to a civil action on the debt and not criminal liability for embezzlement. In support of this position she argues that the state failed to present evidence of any felonious intent. We note at the onset that we do not have the benefit of the State's position regarding the civil liability issue as the assistant attorney general chose not to address it. Nevertheless, Appellant's argument is not persuasive.

Absent a fiduciary relationship Appellant would be correct that a civil action on the debt would be the city's only remedy. However, in this case a fiduciary relationship existed by reason of the agency. Appellant was not indebted to the city for the price of the use permits. Rather she was the holder of the fees for the city. The debt was created after the collection of use fees by the conversion by the Appellant of the City's money. The fact that she was not prohibited from commingling these fees in her own account does not, as Appellant suggests, either abrogate her fiduciary duty, or change the character of her embezzlement to that of a mere debt. *See*

*State v. Compton, Id.* Appellant presents no authority for her position that because the City had a civil cause of action against her for recovery of the money it could not or should not proceed in a criminal action. We therefore will not address this issue, but will review for fundamental error only. *See Guy v. State,* 778 P.2d 470 (Okl.Cr. 1989).

The dispositive issue is not whether the City had a civil cause of action, but rather whether Appellant's behavior supported the criminal action which was brought. This Court recently explained the statutory foundation of crimes in Oklahoma in *Salyers v. State,* 755 P.2d 97 (Okl.Cr.1988):

> All crimes in Oklahoma are statutory. 21 O.S.1981, § 2. No act is a crime unless made so by statute. *Griffin v. State,* 357 P.2d 1040, 1046 (Okl.Cr.1960); *State v. Stegall,* 96 Okl.Cr. 281, 253 P.2d 183, 187 (1953). The matter of defining crimes and fixing the degrees of punishment is one of legislative power. *Hunter v. State,* 375 P.2d 357, 362 (Okl.Cr. 1962). The essential elements of a crime are those set forth in the statutes defining the offense. *State v. Layman,* 357 P.2d 1022, 1033 (Okl.Cr.1960).

*Id.* at 100. We have no doubt that Appellant's behavior supported the Information and conviction for embezzlement.

■ Appellant claims the State presented insufficient evidence to prove she had fraudulent intent, one of the elements of the crime of embezzlement. *See* 21 O.S. 1981, § 1454. The State offers us no guidance, as the assistant attorney general did not brief this issue. The relevant facts are undisputed. Appellant collected fees on behalf of the city of Duncan; she was supposed to turn in the amount of the fees collected on the twenty-eighth day of each month; she did not do so in July, August and September of 1986; and she did not turn over the collected fees when the City demanded them.

■ Because intent is a state of mind, it will be proved by circumstantial evidence, if at all. *See Foster v. State,* 714 P.2d 1031 (Okl.Cr.) *cert. denied* 479 U.S. 873, 107 S.Ct. 249, 93 L.Ed.2d 173 (1986).

When a jury considers circumstantial evidence it may consider both the evidence and reasonable inferences therefrom. *See Dodson v. State,* 674 P.2d 57 (Okl.Cr.1984). When the evidence against an accused regarding an element of the crime charged is entirely circumstantial, that evidence, and the reasonable inferences therefrom, must exclude every reasonable hypothesis except that of guilt to be sufficient. *See Johnson v. State,* 764 P.2d 530 (Okl.Cr.1988); *Nguyen v. State,* 769 P.2d 167 (Okl.Cr.1988), *cert. denied* —— U.S. ——, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989).

 A person's conduct as well as the circumstances surrounding the conduct may properly be considered as circumstantial evidence of intent.

In the present case, the trial court properly instructed the jury on the use of circumstantial evidence and we find the evidence supported the jury's determination of fraudulent intent.

 As her final proposition of error Appellant argues the trial court erred in denying her demurrer at the end of the state's case in chief. She asserts the state failed to establish a prima facie case and that the jury was not competent to decide the complex issues involved in this case. By the close of the state's case it had presented sufficient evidence that the jury could find each of the elements of the crime of embezzlement as alleged in the Information. Where competent evidence that reasonably supports the allegations of the charge as set forth in the Information is before the jury, the trial court should not sustain a demurrer. *Corley v. State,* 713 P.2d 12, 14 (Okl.Cr.1985). The trial court, therefore, properly denied the appellant's demurrer. Appellant cites no authority to support her argument that her case was too complex to be decided by jury. Therefore, we must review this issue for fundamental error only. *See Guy v. State,* 778 P.2d 470 (Okl.Cr.1989). The Oklahoma Constitution guarantees a defendant the right to be tried by jury. Okla. Const. art. II, § 19. Appellant exercised this right, and will not now be heard to complain about her choice. We fail to see that this case is as complex as the appellant would have us believe. The jury was properly instructed, and we find no reason to believe the jurors were unable to properly decide this matter. Finding no error which requires modification or reversal, we AFFIRM the judgment and sentence of the trial court.

PARKS, P.J., and JOHNSON, J., concur.

BRETT and LUMPKIN, JJ., concur in result.