Justice Ingrid Gustafson delivered the Opinion of the Court.
***313 ¶ 1 Energy consumer Plaintiffs appeal from various orders granting summary judgment to Flathead Electric Cooperative, Inc. (FEC) in the Eleventh Judicial District Court, Flathead County. We affirm.
***314 ¶ 2 While Plaintiffs assert multiple issues, the following issue is dispositive of the appeal:
Whether the District Court erred in determining Plaintiffs' claims are barred by the statute of limitations?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 FEC is a tax-exempt rural electrical cooperative owned by its members and organized under and governed by the Rural Electric and Telephone Cooperative Act (RETCA). Section 35-18-101, et seq., MCA. Plaintiffs are former members who received electrical services from FEC but have since moved out of FEC's service area. Plaintiffs were FEC members at different times: Zatorowski from 1981 to 1986, Zubko from 1998 to 1999, and Wortman in 2002 only. Plaintiff Wolfe was a member of FEC in 1998 and *329 claims service again in 2007 though FEC could not find record of it.
¶ 4 The Plaintiffs' primary assertion[1] is FEC's practice of allocating capital credits to each member's capital account but not actually retiring and refunding the capital credits until sometime in the future violates RETCA. Specifically, Plaintiffs assert FEC violates § 35-18-316, MCA, because the statute provides cooperative revenue for each fiscal year must be distributed to the members-which Plaintiffs construe to mean members should annually be receiving a refund-and because FEC did not timely issue any Plaintiff said refund. In this assertion the District Court held Plaintiffs fail to consider that the statute does not provide for annual distribution but rather only provides for distributions "whenever the revenue exceeds the amount necessary" to fund the operations of the cooperative and provide reasonable reserves. Section 35-18-316, MCA.
¶ 5 FEC's bylaws, adopted by its members in 1947, provide its members "shall furnish and contribute to the Cooperative, and the Cooperative shall receive as capital all operating margins." The bylaws then define operating margins as "all funds and amounts, received from its' members ... for the provision of a Cooperative service, that exceed the Cooperative's costs and expenses of providing that service." FEC's bylaws also authorize the periodic retirement of patronage capital. FEC's fiscal year closes December 31. The FEC board meets every month and is presented with the prior fiscal year's financials in February. At that time, the Board determines if there are excess operating margins and whether patronage capital should be retired per ***315 § 35-18-316(1), MCA.
¶ 6 Plaintiffs argue FEC breached its contract (the terms of which are the articles of incorporation, bylaws, rules, and regulations of the cooperative, and RETCA)[2] with members and former members by not refunding capital annually. FEC filed a motion for summary judgment asserting the statute of limitations on Plaintiffs' claims had expired. Following full briefing, on December 21, 2017, the District Court granted summary judgment to FEC, ruling in part that Plaintiffs' claims were barred by the statute of limitations. Plaintiffs appeal.
STANDARD OF REVIEW
¶ 7 We review a district court's grant of summary judgment de novo, using the same M. R. Civ. P. 56 criteria applied by the district court. A moving party is entitled to summary judgment when the party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. Winter v. State Farm Mut. Auto. Ins. Co. , 2014 MT 168, ¶ 9, 375 Mont. 351, 328 P.3d 665.
DISCUSSION
¶ 8 The District Court found Plaintiffs' complaint filed September 1, 2016, was outside the statute of limitations. The parties focus on whether the breach of contract claim's statute of limitations is met as that claim underlies the remaining claims in the complaint. Written contracts have an eight-year statute of limitations. Section 27-2-202(1), MCA. "[T]he period of limitation begins when the claim or cause of action accrues." Section 27-2-102(2), MCA. Plaintiffs filed their complaint September 1, 2016, so any claim or cause of action accruing more than eight years earlier (before September 1, 2008) is barred.
¶ 9 In a breach of contract action accrual begins at breach unless there has been fraudulent concealment; then accrual runs from the time of discovery. Textana, Inc. v. Klabzuba Oil & Gas , 2009 MT 401, ¶ 35, 353 Mont. 442, 222 P.3d 580. Under Plaintiffs' theory of the case, FEC breached its contract with Plaintiffs when FEC failed at its February board meeting to authorize payout of retired capital credits. The latest date on which any of the Plaintiffs' claims *330 accrued was in ***316 fiscal year 2007,[3] for which the board meeting was held in February 2008. Thus, under Plaintiffs' best-case scenario, their complaint was filed beyond the eight-year statute of limitations.
¶ 10 Plaintiffs assert the District Court erred in concluding Plaintiffs' claims are barred by the statute of limitations. Specifically, Plaintiffs argue the statute of limitations has not accrued because 1) FEC's breach is ongoing; 2) the District Court improperly rejected the Plaintiffs' argument regarding fraudulent concealment and the discovery rule; 3) the District Court improperly relied on disputed facts outside the record; and 4) the District Court failed to address Plaintiffs' arguments under § 27-2-409, MCA, which revives a claim on the debtor's acknowledgment or partial payment of a debt.
¶ 11 Plaintiffs argue the statute of limitations has not accrued because FEC's breach is ongoing as FEC votes every year on if and how to pay out retired capital credits. This argument does not refute FEC's position that the latest date each Plaintiff first had knowledge of a breach was as of the board meeting in February 2008. Any breach by FEC after that point is moot because Plaintiffs knew or reasonably should have known of FEC's purported breaches as of February 2008, the latest date the statute of limitations began.
¶ 12 Next, Plaintiffs argue FEC fraudulently concealed retired capital credits. Such concealment would toll the statute of limitations on breach of contract claims until discovery. Textana , ¶ 35. Fraudulent concealment requires the "employment of artifice, planned to prevent inquiry or escape investigation, and to mislead or hinder information acquisition." Textana , ¶ 37. Plaintiffs argue FEC hid RETCA "patronage refunds" owed under § 35-18-316, MCA, by only referencing "capital credits" in its bylaws. This argument is not persuasive because FEC's bylaws clearly reference "patronage capital" as well as "capital credits":
Section 2: Allocating Capital Credits : ... D. The amounts accumulating in each member's or non-member patron's capital account is known as Patronage Capital . The members, in their capacity of accumulating Patronage Capital may be referred to as Patrons. The Cooperative shall annually notify each patron of the dollar amount of capital credits allocated or credited to the patron's account.
***317 ...
Section 4: Retiring and Refunding Capital Credits : ... B. The Board shall determine the manner, method and timing of retiring capital credits as well as the type of distribution.
FEC Bylaws, Article XI (2016) (emphasis added). Regardless of the term used-"patronage refunds," "capital credits," or "patronage capital"-the bylaws clearly define credit use and how FEC retires member credits. Plaintiff's purported confusion by the interchangeable use of the terms is overcome by a plain reading of the bylaws.[4] We agree with the District Court that FEC did not affirmatively hide "patronage refunds" by only referencing "capital credits."
¶ 13 Plaintiffs assert that while the general rule requires affirmative acts to prove fraudulent concealment, where there is a fiduciary or trust relationship between the parties, "Mere silence or failure to reveal information in the presence of a duty to disclose can constitute fraudulent concealment sufficient to toll the statute of limitations." Textana , ¶ 37. Plaintiffs assert there was a trust or fiduciary relationship between FEC and Plaintiffs. Plaintiffs offer as authority a case that says the cooperative has a duty to deal with its members in a reasonable manner, Howe v. Big Horn Elec. Coop. , 206 Mont. 297, 300, 670 P.2d 936, 937 (1983) (recognizing that it is a contractual relationship), and a criminal case, State v. Frederick , 208 Mont. 112, 118, 676 P.2d 213, 216 (1984)
*331 (involving a Town Pump lessee convicted of theft for failing to remit the proper payments to Town Pump for gasoline sold). None of Plaintiffs' cited authority establishes a fiduciary relationship in this case. While a cooperative must deal fairly with its members, that is a standard obligation under the law for all contractual relationships.
¶ 14 Based on this posited trust or fiduciary relationship, Plaintiffs argue FEC's failure to use the phrase "patronage refunds" and failure to reference § 35-18-316(1), MCA, in its published materials amounted to fraudulent concealment and was injurious to Plaintiffs. Regardless of the existence of a cooperative's fiduciary duty, knowledge of laws is imputed to all Montanans. "Every man is to be charged at his peril with a knowledge of the law." E.g. , Fed. Land Bank v. Gallatin Cty. , 84 Mont. 98, 114, 274 P. 288, 292 (1929) ; Holmes v. Potts , 132 Mont. 477, 530, 319 P.2d 232, 260 (1957). Ignorance of the law is no excuse. E.g. , ***318 State v. Tichenor , 2002 MT 311, ¶ 46, 313 Mont. 95, 60 P.3d 454 (citing State ex rel. Rowe v. Dist. Ct. , 44 Mont. 318, 324, 119 P. 1103 (1911) ). Even if FEC arguably had a fiduciary relationship with members and former members, FEC had no affirmative duty to use the phrase "patronage refunds" in its materials or to advise members and former members of RETCA statutes. The District Court found there was no fiduciary relationship between the parties. We agree.
¶ 15 This "patronage refunds" fraudulent concealment argument is also the basis for Plaintiffs' fraud or mistake statute of limitations argument under § 27-2-203, MCA. Plaintiffs' complete argument is that they "could not have discovered the facts forming the basis of their claims involving fraud or mistake, including negligent misrepresentation and constructive fraud. As noted earlier, FEC does not refer to 'patronage refunds' in any of the materials it makes available to members." This argument fails for the same reasons: FEC was not required to use the phrase "patronage refunds" in its materials or advise members and former members of RETCA statutes, so its failure to do so did not amount to fraud or mistake and § 27-2-203, MCA is inapplicable.
¶ 16 Plaintiffs next argue their claims are revived because § 27-2-409(1), MCA, provides an "acknowledgment or the part payment of a debt is sufficient evidence to cause the relevant statute of limitations to begin running anew." Plaintiffs argue FEC acknowledged it owes refunds of capital credits to current and former members because, at the beginning of this lawsuit, FEC offered to pay Plaintiffs their capital credits it had retired from 2003-2010.[5] This argument is not persuasive. Plaintiffs conflate "refunds of capital credits" with "debts." "Equity credits are not an indebtedness of a cooperative ..." 18 Am. Jur. 2d Cooperative Associations § 22 (2017) (internal citations omitted). FEC's retirement and refunding of a member capital account is not an acknowledgment of a debt and does not cause the statute of limitations to run anew, so § 27-2-409(1), MCA is inapplicable.
¶ 17 Based on the foregoing, Plaintiffs' claims are barred by the statute of limitations. As resolution of this issue is dispositive of this appeal, it is not necessary to address any other matters asserted by the parties.
***319 CONCLUSION
¶ 18 The District Court correctly concluded Plaintiffs' contract claims were barred by the statute of limitations.
¶ 19 Affirmed.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.

The Plaintiffs' 52-page complaint, filed September 1, 2016, contained 12 counts.

We do not reach the argument of whether there is a contract between these parties in the way Plaintiffs assert. We utilize Plaintiffs' posited breach of contract argument for statute of limitations purposes only.

The latest year Plaintiff Wolfe asserts she was a member (although FEC could not find a record of her membership past 1998). No other Plaintiff was a member of or received services from FEC after 2002.

It is also a general legal understanding that the term "capital credits" is used interchangeably with "equity credits" or "patronage credits." 18 Am. Jur. 2d Cooperative Associations § 22 (2017).

The monies had "been available for payment at any time thereafter" but FEC had been unable to refund them because it did not have forwarding addresses for Plaintiffs until they filed suit.