## CLAUDE SHILKETT v. STATE.

No. A-4631.    Opinion Filed Jan. 10, 1925.
(232 Pac. 127.)

(Syllabus.)

1.  **Health—Legislative Authority for Board of Health to Adopt Rules Effective as Law.** Within reasonable bounds, the Legislature may confer regulative powers upon the state board of health and give to that board authority to adopt rules and regulations having the force and effect of law.

2.  **Same—Obstructing Health Officer—Necessary for Information to Allege Promulgation of Rules and Authority of Officer.** Where the public health statutes make no specific provision for the suppression or control of rabies and there are no averments in the information that the state board of health promulgated any rules on that subject, the courts will not assume that such rules were promulgated.

   (a)  The authority of a local health officer to act in the premises should be pleaded.

Appeal from County Court, Nowata County; W. H. Thomason, Judge.

Claude Shilkett was convicted of obstructing a health officer, and he appeals. Reversed and remanded.

C. F. Gowdy, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  On March 20, 1923, in the county court of Nowata county, Claude Shilkett, plaintiff in error, was by a verdict of a jury found guilty of obstructing a health officer, with his punishment fixed at a fine of $100. From

the judgment rendered in accordance with the verdict, he appeals.

Plaintiff in error, defendant in the trial court, claims that the information does not state a public offense. The charging part of the information is as follows:

"That the said Claude Shilkett then and there being, did then and there willfully, intentionally, and unlawfully obstruct a health officer, to wit, Dr. J. P. Sudderth, by then and there removing one coyote or allowing the same to be removed from his premises in the city of Nowata, Okla., and failing and refusing to furnish said coyote to said health officer for the purpose of having said coyote, or the head of said coyote, tested for rabies, said coyote having bitten one Joe Mason, contrary to section 6813, Laws of 1910, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

This prosecution was brought under the provisions of section 8694, Comp. Stat. 1921, which reads as follows:

"Any person who willfully opposes or obstructs any health officer or physician charged with the enforcement of the health laws, in performing any legal duty, is guilty of a misdemeanor."

The authority of the local health officer, known as the county superintendent of public health, is found in section 8672, Comp. Stat. 1921, a portion of which reads as follows:

"Said county superintendent of public health shall have power to abolish nuisances that are dangerous to public health, to isolate persons affected with dangerous and contagious diseases, and to do such other things, with the approval of the state board of health, as may be deemed necessary for the preservation of the public health within said county."

The statute does not in express terms make provision for the suppression or treatment of rabies, and there is no sufficient allegation that the keeping of the coyote constituted a nuisance.

Within reasonable bounds, the Legislature may confer regulative powers upon the state board of health, and give to that board authority to adopt rules and regulations having the force and effect of law. People ex rel. Barmore v. Robertson, 302 Ill. 422, 134 N. E. 815, 22 A. L. R. 835.

The statute, by inference at least, gives the state board of health power to make and enforce reasonable regulations; but there is no allegation in the information that the board of health promulgated any rules relative to animals afflicted with rabies, by authority of which the county superintendent of public health assumed to act; and the courts cannot assume that such rules were promulgated.

It follows, therefore, that to sustain a prosecution of this character the written accusation should aver that the state board of health made, promulgated, and published some rule or regulation concerning rabies, and that the accused resisted or interfered with the operation of such rule sought to be enforced by an authorized agent charged with that duty.

The statement in the information, "said coyote having bitten one Joe Mason, contrary to section 6813, Laws of 1910, and contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state," makes a fairly good accusation against the coyote, but the information states no offense against the person in charge of the animal.

The cause is reversed and remanded.

MATSON, P. J., and DOYLE, J., concur.