The STATE of Oklahoma, Appellant,

v.

Preston SMITH, Appellee.

No. O–75–290.

Court of Criminal Appeals of Oklahoma.

Aug. 14, 1975.

Dean E. Warren, Dist. Atty., Terry L. Amend, Asst. Dist. Atty., Le Flore County, Poteau, for appellant.

Joe K. Page, Poteau, for appellee.

## OPINION

PER CURIAM:

The Appellee, Preston Smith, was charged in the District Court, LeFlore County, Case No. CRM–74–891, with the offense of Hunting Deer With Dogs, in violation of regulations promulgated by the Wildlife Conservation Commission under authority of the Oklahoma Wildlife Conservation Code, 29 O.S.Supp.1974, § 1–101 et seq. The appellee, defendant below, demurred to the information on the basis that the offense charged was not a crime in the State of Oklahoma. The trial court sustained the demurrer, dismissed the case, and granted the State an exception to the

ruling. From said ruling, the State has perfected as a reserve question of law the issue herein presented.

As aforementioned, on a pretrial motion the trial court sustained the defendant's demurrer to the information. Therefore, no facts of the alleged offense were presented, thus leaving only the legal issue to be resolved by this Court. That legal issue being: Whether or not "Hunting Deer With Dogs" constitutes a violation of the law in the State of Oklahoma.

■ Adhering to the arguments of the defendant, the lower court sustained the demurrer to the information declaring that the regulation did not constitute a violation of the law; all of which was predicated on the proposition that the delegation of authority under 29 O.S.Supp.1974, § 3–103, subd. B, par. 11, was a delegation of legislative power and was therefore unconstitutional. While the line dividing those delegations by the Legislature which are constitutional and those which are not is indeed a thin line, we are of the opinion that the delegation presently contested was a legislative delegation of administrative authority and is therefore constitutional. *Shilkett v. State,* 29 Okl.Cr. 17, 232 P. 127 (1925); *Ex parte Woodruff,* 90 Okl.Cr. 59, 210 P.2d 191 (1949); *Isaacs v. Oklahoma City,* Okl., 437 P.2d 229 (1966), and, *State v. Parham,* Okl., 412 P.2d 142 (1966).

■ The standard set forth by the Legislature as a guide for the administrative body engaged in the promulgation of rules and regulations need not be actually expressed in the Act wherein the authority is delegated. But rather, as is set .forth in *Parham, supra,* the following has become the rule:

" . . . From an analysis of these cases and others it is clear that the standards or guidelines set by the Legislature must often, of necessity, be expressed in general terms or arrived at by an analysis of the legislation as a whole. To require

detailed and minute guidelines to the Board would be to destroy the flexibility and effectiveness required in dealing with the many and varying factual situations that arise in carrying out the policy set by the Legislature. *Baily v. State Board of Public Affairs,* 194 Okl. 495, 153 P.2d 235. . . ."

Based on the above precedent, this Court does not hesitate to uphold the constitutionality of the delegation.

The defendant also contends that even if the delegation is constitutional the particular rule promulgated by the Wildlife Conservation Commission prohibiting "the use of dogs in any manner in pursuit of deer," is void.

■ Our response to this contention is based on 29 O.S.Supp.1974, § 3–103, subd. B, par. 11, which states that one of the functions and powers of the Commission is "to regulate the seasons and harvest of wildlife." The particular regulation in question falls squarely within this delegation of authority by controlling one aspect of the harvesting of wildlife, namely, the means by which deer may be harvested.

The defendant further argues that the Legislature, by enactment of 29 O.S.Supp. 1974, § 5–201, subd. A, has limited the prohibited means of taking wildlife to those instruments listed in that provision, which reads as follows:

"A. Except as otherwise provided, no person may utilize at any time for the purpose of killing or capturing any game mammal, game bird or nongame bird, the following means:

"1. Any trap, net, snare, cage, pitfall, baited hook or similar device;

"2. Any drug, poison, narcotic, explosive or similar substance;

"3. Any swivel or punt gun of greater caliber than ten (10) gauge; or

"4. Any device which generates electricity."

■ The defendant proposes that, since the Legislature enacted the above

statute, any other law dealing with the means of taking wildlife is void and contradictory. However, such is not the case. The rule by the Wildlife Conservation Commission is not conflicting or contradictory, but is simply more specific in dealing with a particular species of wildlife, deer, rather than the general category of wildlife. Further, when two different provisions regulate the same subject matter both provisions are to be given effect, if such effect would not defeat the intent of the Legislature. *Oklahoma Natural Gas Company v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940); *Spiers v. Magnolia Petroleum Company,* 206 Okl. 510, 244 P. 2d 852 (1951); *Rogers v. Oklahoma Tax Commission,* Okl., 263 P.2d 409 (1952); *Melton v. Quality Homes,* Okl., 312 P.2d 476 (1957); *Lancaster v. State,* Okl., 426 P.2d 714 (1967). We can see no reason why both provisions should not be given effect. There is nothing in either provision which would serve to negate the effect of the other. The only way that we could find one provision contra to the other would be to apply the maxim "expressio unius est exclusio alterius." If this maxim were applied to the statute proscribing those prohibited means of taking wildlife any other device would be legal. However, "expressio unius est exclusio alterius" is but a maxim, and its application is not absolute or universal. *Spiers, supra.* This maxim is available as a tool by which the courts may construe legislative intent. But, if the intent of the Legislature was not to make the statute exclusive then the maxim is not to be applied.

■ This Court is fully aware that the rule promulgated by the Wildlife Conservation Commission is not statutory, however, its effect is identical to the effect of a statute and therefore all of the decisions relating to two statutes on the same subject matter are, by analogy, most applicable to the present case.

Returning then to the purpose of the Legislature, it becomes obvious that the delegation of authority to the Wildlife Conservation Commission was granted so that a full-time body of persons particularly aware of the problems of wildlife conservation could govern and regulate those areas to which the Legislature has little insight. It is clear then that the Legislature did not intend to restrict the Wildlife Conservation Commission by the statute in question. As a matter of fact the Wildlife Conservation Code, under which the questioned delegation of authority was made, was passed and approved by the Thirty-fourth Oklahoma Legislature, Second Regular Session, effective by emergency on April 8, 1974. The Thirty-fifth Legislature, First Regular Session, 1975, has since convened and adjourned without changing or disturbing the Code in any manner. If it were not the intent of the Legislature to make such delegation of authority, it has had an opportunity to correct the same but has not seen fit to do so. Again, we conclude it was their intent to make such delegation.

In conclusion, we find the legislative delegation of administrative authority was constitutional, and that the particular rule prohibiting the use of dogs was within the confines of that delegation and was not excluded by statutory provisions which prohibited other different devices as means by which wildlife may be taken.

In light of this conclusion, this Court holds that the trial court by sustaining the defendant's demurrer was in error and that said demurrer should have been overruled. Therefore, the judgment of the trial court is, accordingly, *reversed.*