1998 OK CR 14

**Willie Earl WALKER Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C 96–1291.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1998.

Rehearing Denied April 15, 1998.

---

Brian Crain, Assistant District Attorney, Tulsa, for State at trial.

Beverly Atteberry, Assistant Public Defender, Tulsa, for Defendant at trial.

Paula J. Alfred, Assistant Public Defender, Denver, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Nathan L. Dills, Assistant Attorney General, Oklahoma City.

LANE, Judge.

¶1 Willie Earl Walker entered a negotiated plea of guilty to the charge of Larceny of Merchandise From a Retailer with a Value of at Least Fifty Dollars but Less than Five Hundred Dollars after former conviction of one felony (21 O.S.Supp.1996, § 1731(4)) in Tulsa County District Court Case No. CF–96–1722. Over defense objection, the trial court used 21 O.S.1991, § 51 to enhance punishment and sentenced Walker to eight years imprisonment. We reverse the trial court's denial of Walker's motion to withdraw guilty plea and remand the matter to the district court for further proceedings consistent with this opinion.

¶2 Walker raises the following propositions of error in this appeal:

1. The trial court did not advise the defendant of several fundamental rights which in totality present reversible error;

2. The judgment and sentence rendered in this case is erroneous as a matter of law.

¶3 We do not reach the merits of the first proposition, for Walker waived the issue by failing to raise it in his motion to withdraw guilty plea. Rule 4.2(B), *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (1996) See Rule 1.0(D).

¶4 The second proposition raises a two-pronged argument in support of the position that a sentence for Larceny of Merchandise from a Retailer ($50.00–$499.99) after former conviction of one felony cannot be enhanced by 21 O.S.1991, § 51. In the first argument Walker correctly recognizes § 51 applies only to felony crimes. The argument loses its persuasive force when he asserts Larceny of Merchandise from a Retailer ($50.00–$499.99) is a misdemeanor.

¶5 Walker builds his argument on the general statutory definition that felony crimes are those punishable by "death or by imprisonment in the penitentiary." 21 O.S. 1991, § 5. While the legislature labeled Larceny of Merchandise from a Retailer ($50.00–$499.99) a felony crime, it provided the anomalous punishment of up to a year in the

county jail. 21 O.S. Supp.1996, § 1731(4). Walker would have us resolve this apparent conflict by holding § 5 is controlling and the *punishment,* not the *label* determines whether a crime is a felony or a misdemeanor.

¶ 6 Two general rules of statutory construction defeat this argument. The power to define crime and punishment in this state lies with the legislature. *Salyers v. State,* 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. When the legislature enacts two provisions regulating the same subject matter and those provisions appear to conflict, this Court should give effect to both, if doing so does not defeat legislative intent. *State v. Smith,* 1975 OK CR 157, 539 P.2d 754, 757. When deciding whether an act has been classified as a felony crime, the Court looks to the specific legislative definition not the ordinary definition of a felony or the punishment imposed. *Hunter v. State,* 1962 OK CR 127, ¶ 20, 375 P.2d 357, 362.

¶ 7 Applying these rules of construction to the apparent conflict between § 5 and § 1731(4), we find both should be given effect. The legislature has set forth a system in which punishment for shoplifting escalates with the number of incidents and the value of the goods taken. An integral part of this system is the classification of Larceny of Merchandise from a Retailer ($50.00-$499.99) as a felony crime. The import of this felony classification will become apparent as we address the enhancement provisions of 21 O.S. 1991, § 51.

¶ 8 Section 51 sets forth three factors which determine a person's eligibility for an enhanced sentence. The first limits enhancement to those defendants who have a prior conviction for "any offense punishable by imprisonment in the State Penitentiary." Walker qualifies. The State used his former conviction for embezzlement from an employer to enhance. Walker was sentenced to five years in the penitentiary for that offense.

¶ 9 The second factor also concerns prior convictions. When the State seeks to enhance punishment with one prior conviction, only those offenses *"punishable by imprisonment in the* State *Penitentiary"* may be used. 21 O.S.1991, § 51(A)(1) & (2). In contrast, any *"felony offenses"* for which the sentence has been discharged within ten years of the commission of the current crime may be used when the State seeks to enhance punishment with two or more prior convictions. 21 O.S.1991, § 51(B). Walker's sole prior conviction satisfies this condition as well.

¶ 10 The third factor determines whether a pending sentence is eligible for enhancement. If the State seeks to enhance punishment with one prior conviction, the crime must be punishable by imprisonment in the penitentiary. 21 O.S.1991, § 51(A)(1) & (2).[1] If the State seeks to enhance with two or more prior convictions, the sentence for any felony crime, *regardless of punishment,* may be enhanced. 21 O.S.1991, § 51(B).

¶ 11 This factor shields Walker from enhancement. Larceny of Merchandise from a Retailer ($50.00-$499.99) is not punishable by incarceration in the penitentiary, and the State sought to enhance with only one prior qualifying conviction. Had the plea bargain required Walker to retain at least two of his qualifying former convictions, his sentence could have been enhanced and would have had the starting point of twenty years. 21 O.S.1991, § 51(B).

¶ 12 Walker correctly argues his plea was not knowingly and intelligently made for he was not advised of the correct range of punishment. *See King v. State,* 1976 OK CR 103, ¶ 11, 553 P.2d 529, 535. To hold him to such a plea would be a violation of his right under the state and federal constitutions to due process. Therefore, we grant his request to withdraw his plea.

---

1. Section 51(A)(2) applies to a subsequent offense which, upon a first conviction, would be punishable by "imprisonment in the State Penitentiary for five (5) years, or any less term...." While "any less term" is susceptible to the interpretation that it means *any* incarceration, including incarceration in a county jail, we reject this possibility. To interpret § 51(A)(2) in this manner would create the unintended and absurd result of enlarging the sentence of any misdemeanor crime which carried jail time, including a traffic ticket for speeding, to a minimum of ten years imprisonment for anyone with a prior conviction for an offense punishable by imprisonment in the penitentiary.

## DECISION

¶ 13 The order of the trial court denying Petitioner's motion to withdraw is **REVERSED**, and the matter **REMANDED** to the District Court of Tulsa County for proceedings consistent with this opinion.

CHAPEL, P.J., STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN, J., dissents.

LUMPKIN, Judge, dissenting:

¶ 1 I agree with the Court that the Petitioner waived his first proposition of error by failing to raise it in his motion to withdraw plea of guilty. I also agree with the Court's discussion of the Legislature's power to define crime and punishment and the crime of larceny of merchandise from a retailer ($50.00—$499.99) is a felony crime. However, in its zeal to seek an opportunity to interpret the provisions of 21 O.S.1991, § 51, the Court has disregarded the facts of this case. Therefore, I must dissent to the Court's decision to reverse and remand this case to the District Court for further proceedings.

¶ 2 In its brevity, the Court omits some very important factual matters in this record. On September 9, 1996, the Petitioner, with counsel, appeared before the Honorable B.R. Beasley, Associate District Judge. Beginning at page 2 of the transcript of that proceeding, the following took place on the record:

THE COURT: This is CF–96–1772, Willie Walker, larceny of merchandise from retailer after how many formers?

MS. ATTEBERRY: Your Honor, there is—he has five former convictions.

THE COURT: Five former convictions, Mr. Walker.

MR. LEIPPERT: We show six, one transactional.

THE COURT: Five or six. It just takes two or more to get 20 years for the minimum.

MR. WALKER: I want to enter a plea this evening.

THE COURT: You want to enter a plea?

MR. WALKER: Yes.

THE COURT: All right. I'll let your attorney fill out the form.

MS. ATTEBERRY: Judge, he wants to enter a plea, but he won't say to what time. I told him it was for eight years and he doesn't—

THE COURT: It will be eight years. You can enter a plea and reserve your right to appeal, if you wanted to. I would sentence you to eight years. That's what the other defendant received.

MR. WALKER: I want to enter a plea this evening.

THE COURT: Okay. Go out and fill out the form. It will be eight years. Do you understand that?

MR. WALKER: Yes. Did you get my letter that I mailed to you?

As a result of that exchange, the State dismissed all but one prior felony. After completing the petition to enter a plea of guilty, Judge Beasley administered an oath and inquired of Petitioner as to his understanding of the questions and the answers he had given and accepted his plea of guilty. The Court then sentenced Petitioner to eight years incarceration, $500.00 fine, and $250.00 victims compensation fee, as the Court had advised Petitioner prior to accepting the plea. On page 5 of the transcript, the Court inquires of Petitioner, "Is that the agreement you understood?", to which Petitioner answered "yes". After requesting immediate transportation to the Department of Corrections and being advised of his right of appeal, Petitioner advised the Court he did not have any questions. However, as a postscript to the proceedings, Petitioner's attorney then stated, "Your Honor, at this time for the record, I would like to inform the Court that Mr. Walker has been informed as to that his attorney does not believe that Title—that Title 21 Section 1731 concerning larceny of merchandise from a retailer range between 50 and $500.00, that is not a felony and therefore not enhanceable. He has been informed of that, even though he wishes to plead under the enhancement statute." That concluded the proceedings. At the hearing on October 10, 1996, the transcript reveals

that apparently this motion to withdraw plea was held in conjunction with some other proceeding because, after calling the case, the Court says "we have. the same issue here" and Petitioner's attorney answers that it is the same issue. The attorney then acknowledges that Petitioner had six prior convictions and he pled guilty, with all but one being stricken. Counsel acknowledged that Petitioner had pled guilty and that he had entered that plea against her recommendation that he not enter the plea, rather than taking a chance of going to trial. Based on the Court's own interpretation of Section 51, if the State had not entered into the plea agreement with Petitioner, the minimum sentence Petitioner could receive in this case is twenty years. I would find Petitioner has waived the issue by the entering of a free and voluntary negotiated plea wherein he did receive everything he had agreed to in the plea agreement. Therefore, I must dissent to the Court's action in this case.