**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY D. WILLIAMS,

      Petitioner - Appellant,

v.

KEN KLINGER; STATE OF
OKLAHOMA,

      Respondent - Appellee.

No. 98-6206
(D.C. No. 98-CV-63-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** [*]

Before **ANDERSON** , **McKAY** and **LUCERO** , Circuit Judges.

      Gregory Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of two sentences imposed by an Oklahoma state court. The federal district court, adopting the magistrate's Report and Recommendation, denied the petition. We take jurisdiction pursuant to 28 U.S.C. § 2253(a), and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner pleaded guilty in 1997 to two counts of obtaining merchandise and/or money by a false and bogus check in violation of Okla. Stat. Ann., tit. 21, § 1541.2 (Supp. 1998) (amended 1997) (effective until July 1, 1998). Although this felony carried a maximum sentence of one year in the county jail at the time petitioner was convicted, see id., he had previously been convicted of two felonies and the state court enhanced his sentence pursuant to Okla. Stat. Ann., tit. 21, § 51 (Supp. 1998) (repealed 1997) (effective until July 1, 1998). Section 51 provided, at the time of petitioner's conviction, that "[e]very person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses . . . shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years." Id. § 51(B). Williams was eventually sentenced to two concurrent terms of 40 years for his crimes.

Before us, petitioner contends that the state court was without jurisdiction to enhance his convictions.[1] In support of this position, he points to language in § 51, which provides that a second conviction may be enhanced so long as the first offense and the offense of conviction are "punishable by imprisonment in the State Penitentiary." Id. § 51(A). Because the offenses he pleaded guilty to were, at the time, punishable only by imprisonment in the county jail, petitioner argues

---

[1] We note that petitioner challenges only whether § 51 was applicable, not whether the sentences imposed were excessive.

that the application of § 51 to enhance his sentences was improper.  We must disagree.

As both the federal district court and the magistrate judge correctly noted, § 51(B) and not § 51(A) is applicable to petitioner.  Williams does not deny that he had at least two felony convictions prior to pleading guilty to violations of § 1541.2.  In addition, the language of § 1541.2 clearly states that "any person convicted pursuant to this section shall be guilty of a felony."  Okla. Stat. Ann., tit. 21, § 1541.2 (Supp. 1998) (amended 1997) (effective until July 1, 1988).  Because § 51(B) requires only that the offense of conviction be a felony, it was appropriately applied.    See Walker v. State , 953 P.2d 354, 356 (Okla. Crim. App. 1998) (noting that, although enhancement of punishment with one prior conviction requires that offense be punishable by imprisonment in penitentiary, no such requirement exists when defendant has two prior qualifying convictions).

We **GRANT**  petitioner's application for a certificate of appealability,      see 28 U.S.C. § 2253(c), as well as his motion to proceed in forma pauperis, and **AFFIRM**  the district court's order denying the habeas petition.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge