**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FLOYD C. SHAVERS,

      Petitioner-Appellant,

v.

STEPHEN W. KAISER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 99-6018

(D.C. No. 98-CV-887-L)
(W.D.Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Floyd C. Shavers seeks a certificate of appealability to appeal the district

court's denial of his motion for relief under 28 U.S.C. § 2254. To receive federal

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas relief from disposition of a claim on a question of law adjudicated by a state court, Shavers must show the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). We deny a certificate of appealability and dismiss the appeal.

In 1997, Shavers was convicted of larceny of merchandise from a retailer, a violation of Okla. Stat. tit. 21, § 1731(4). Following the second stage of the trial, the jury found Shavers had previously been convicted of two or more felonies, which resulted in the enhancement of his sentence pursuant to Okla. Stat. tit. 21, § 51(B). The Oklahoma Court of Criminal Appeals affirmed his conviction, finding (1) he waived any argument concerning voir dire because he did not provide a transcript of the voir dire proceeding; (2) the evidence did not support a lesser included jury instruction on misdemeanor larceny of merchandise from a retailer; and (3) his sentence was properly enhanced under Okla. Stat. tit. 21, § 51. Shavers filed his § 2254 motion alleging the same errors. The magistrate judge found (1) the Oklahoma court applied a state procedural rule to bar review of the voir dire issue, which was an independent and adequate state law ground precluding federal habeas corpus review; (2) the trial court's failure to give a lesser included instruction was not grounds for federal habeas corpus relief; and (3) Shavers' state law sentencing issue did not raise a federal constitutional

question when the sentence imposed was within the guidelines provided by statute. Over Shavers' objection, the district court adopted the magistrate's report and recommendation, denied relief, and dismissed the § 2254 petition.

## I.

Shavers first alleges the trial court abused its discretion in refusing to excuse a potential juror for cause. Shavers used a peremptory challenge to remove the juror, but contends he was denied his constitutional right to a fair and impartial jury. The Oklahoma Court of Criminal Appeals determined any alleged error was waived and not subject to review because the voir dire proceedings were not transcribed and included in the record. See Orr v. State, 764 P.2d 1362, 1364 (Okla. Crim. App. 1988). We do not review a question of federal law decided by a state court if the decision rested on a state law ground that was independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). The state court's refusal to address Shavers' federal claims because he failed to meet a state procedural requirement constitutes an independent and adequate state procedural ground. See id. at 729-30.

Habeas corpus review of the juror issue is precluded unless Shavers "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994) (quotation omitted). Shavers contends his trial counsel failed to provide an adequate record on review and alleges a voir dire transcript exists. A copy of a letter from the court reporter, which states she told his mother it would cost $300 to transcribe the voir dire proceedings, is attached to Shavers' opening brief. Shavers did not provide a voir dire transcript to the district court and he did not include it in the record on appeal. Although he requests that this court obtain a copy of the transcript, it is his duty to provide an adequate record for review.

Even if we assume Shavers has shown cause for his failure to provide the voir dire transcript, he has not shown such failure resulted in actual prejudice. Shavers used a peremptory strike to remove the potential juror from the panel. He has not shown the remaining panel members were irrevocably tainted. Nor has he shown this resulted in a fundamental miscarriage of justice. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (requiring showing of factual innocence to establish fundamental miscarriage of justice). The district court did not err in finding Shavers' allegations of error in voir dire were barred by a state procedural rule.

II.

-4-

Shavers alleges the state did not prove the value of the stolen merchandise. The Oklahoma Court of Criminal Appeals found the evidence in the record did not support a lesser-included instruction on misdemeanor larceny of merchandise from a retailer.  See Bryson v. State , 876 P.2d 240, 255 (Okla. Crim. App. 1994) (instruction on lesser-included offense need only be given when there is evidence in the record to support such instruction).  Shavers is not entitled to habeas relief for failure to give a lesser-included offense instruction.  See Lujan v. Tansy , 2 F.3d 1031, 1036 (10th Cir. 1993) (petitioner in non-capital case not entitled to habeas relief for failure to give lesser-included offense instruction even if in our view there was sufficient evidence to warrant giving instruction on lesser-included offense).

It appears Shavers is in effect attacking the sufficiency of the evidence by alleging there was no evidence that the value of the stolen merchandise was greater than $50.  The magistrate noted that because Shavers did not raise this issue in state court, he could not raise it in his federal habeas action.  Although Shavers has not exhausted his state remedies, we may address his sufficiency claim.  See 28 U.S.C. § 2254(b)(2).

In reviewing a sufficiency claim in a habeas proceeding, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." Kelly v. Roberts, 998 F.2d 802, 807-08 (10th Cir. 1993) (quotation omitted). Shavers did not include the underlying criminal record in the record on appeal, but in his direct appeal brief, which is included in the record on appeal, he admitted the trial testimony showed the merchandise had a sale price of $75. There was sufficient evidence to support Shavers' conviction.

III.

Shavers also asserts the trial court erroneously enhanced his sentence under the Oklahoma habitual criminal statute. He argues because his conviction was subject to a jail sentence and not a prison term, it was not a felony for enhancement purposes under Okla. Stat. tit. 21, § 51(B). This would be true if the state sought to enhance his sentence with one prior conviction. See Walker v. State, 953 P.2d 354, 356 (Okla. Crim. App. 1998). However, the state sought to enhance the sentence with two or more prior convictions, in which case the sentence for any felony crime, regardless of punishment, may be enhanced. See id. (citing Okla. Stat. tit. 21, § 51(B)).

Shavers argues the enhancement provisions of Okla. Stat. tit. 21, § 1731(2) and (3) should control his sentence. That section provides for an increased sentence for defendants previously convicted of the same offense (larceny of merchandise from a retailer). However, Shavers was not charged under that

section, which only applies when the value of the merchandise is less than $50. He was charged under § 1731(4), which is a felony, activating the enhancement provisions of § 51(B). The district court did not err in finding Shavers' sentence did not present a federal constitutional issue when it was within the statutory sentencing range.

Shavers' application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge