**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY D. WILLIAMS,

      Petitioner - Appellant,

vs.

KEN KLINGER,

      Respondent - Appellee.

No. 00-6184
(D.C. No. 98-CV-154-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **KELLY** , and **MURPHY** , Circuit Judges. [**]

      Petitioner-Appellant Gregory D. Williams, an inmate appearing pro se,
seeks to appeal the district court's denial of his habeas petition under 28 U.S.C. §
2254. Because the petitioner has failed to make "a substantial showing of the
denial of a constitutional right," we deny his application for a certificate of
appealability ("COA") and dismiss the appeal. Slack v. McDaniel , 120 S. Ct.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

1595, 1603 (2000) (citation omitted).

On December 3, 1996, Mr. Williams pled guilty to obtaining property under false pretenses, specifically, "purchasing" a set of tires with a $527.28 check, drawn on an account that contained insufficient funds. Based on his prior convictions of two or more felonies, he received an enhanced sentence of twenty-five years imprisonment. See Doc. 22, Ex. B. His application for post-conviction relief, challenging the validity of his sentence on various grounds, was denied as procedurally barred. Id. That denial was eventually affirmed by the Oklahoma Court of Criminal Appeals ("OCCA"), which also concluded that Mr. Williams' claims were unavailing on the merits. Doc. 43, Ex. C. The magistrate judge found that although Mr. Williams' jurisdictional claims had not been procedurally defaulted, his federal petition should be denied on the merits. Doc. 48. The district court adopted the magistrate judge's recommendation and denied both the petition and a COA. Docs. 53, 57.

In light of Mr. Williams' plea of guilty, we may only consider those claims that are jurisdictional in nature. United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). Thus, our analysis is limited to the petitioner's claim that the sentencing court lacked jurisdiction to enhance his sentence based on his prior felony convictions. See Okla. Stat. tit. 21, § 51 (1983 & Supp. 1996). He advances three alternative arguments in support of this claim. First, Mr. Williams

contends that he only pled to a violation of Okla. Stat. tit. 21, § 1541.1 (1983), a misdemeanor offense, and that misdemeanors are not subject to enhancement under § 51. Aplt. Br. at 11-12. He also claims that even if he pled to a violation of § 1541.2, a felony offense, his crime was still not subject to enhancement because the value of the property involved was less than $500. Aplt. Br. at 3-11. Specifically, he claims that the sentencing court misapplied Oklahoma law by relying on the amount of the check rather than the (pre-tax) value of the property, and that the district court's denial of his motion under Rule 201(d) of the Federal Rules of Evidence was erroneous. See Fed. R. Evid. 201(d), (f); Doc. 53, Doc. 51. Finally, he argues that enhancement was improper in any event because he did not plead to any of the prior convictions. Aplt. Br. at 2, 12-14. Each argument fails.

Under Oklahoma law, a sentence may be enhanced when three conditions are present. Walker v. State , 953 P.2d 354, 356 (Okla. Crim. App. 1998) (construing Okla. Stat. tit. 21, § 51); see also Fiore v. White , 121 S. Ct. 712, 714 (2001) (holding that where a state court decision does not create a new rule, but merely interprets a state criminal statute, that decision applies to any § 2254 petitioner whose conviction under that statute was final at the time of the state court's decision). The conditions vary slightly, depending on whether the enhancement is premised on one or more than one prior conviction. Walker , 953

P.2d at 356. In this case, the Oklahoma District Court found that Mr. Williams "acknowledged and initialled [sic] that he was entering the plea after two or more prior felony convictions." Doc. 22, Ex. B at 2; see also Aplt. Br., Att. G at 3-4, Att. N at 3. As with any "determination of a factual issue made by a State court," this finding is "presumed to be correct." 28 U.S.C. § 2254(e)(1). Because Mr. Williams has not produced "clear and convincing evidence" to the contrary, the finding stands. Id.

An enhancement premised on two or more prior convictions is authorized when: (1) the defendant has "a prior conviction for 'any offense punishable by imprisonment in the State Penitentiary,'" Walker, 953 P.2d at 356 (quoting Okla. Stat. tit. 21, § 51(A)); (2) the prior convictions upon which the enhancement is based are "'felony offenses' for which the sentence has been discharged within ten years of the commission of the current crime," id. (quoting § 51(B)), and which did not arise out of the same incident, § 51(B); and (3) where the current crime is a felony, regardless of whether it is punishable by imprisonment in the penitentiary. Walker, 953 P.2d at 356. All three conditions are present here.

First, among Mr. Williams' prior convictions is one for second-degree forgery, Aplt. Br., Att. G at 3, an offense punishable by imprisonment in the state penitentiary. Okla. Stat. tit. 21, § 1621(2) (1983). The second factor involves a three-part inquiry: (a) has Mr. Williams been convicted of two prior felonies, (b)

- 4 -

arising out of separate incidents, (c) for which the sentences have been discharged within the ten years preceding the commission of the current crime on September 11, 1996? See Okla. Stat. tit. 21, § 51(B). The record does not reflect the length of Mr. Williams' prior sentences, rendering it impossible to determine which -- if any -- of the sentences imposed in connection with the pre-1986 convictions were completed within the relevant ten-year period. We therefore confine our analysis of the second Walker condition to the post-1986 convictions.

The information to which Mr. Williams pled shows that he was convicted of two counts of theft and one count of second-degree forgery on November 13, 1990; escape from custody on August 18, 1994; and two counts of obtaining merchandise and/or money by a false and bogus check on October 8, 1996. Aplt. Br., Att. G at 3-4. Of those six convictions, only the first four were entered prior to September 11, 1996, and of those four, three appear to have arisen from the same incident. Thus, in order to satisfy the second Walker condition, Mr. Williams need only have completed his sentence for the 1994 escape conviction, as well as his sentence for at least one of the three 1990 convictions, by September 11, 1996. We know that Mr. Williams had been released from prison by September 11, 1996, and nothing in the record suggests that the sentences had not been completely discharged by that date. Cf. Harmon v. State, 748 P.2d 992, 995 (Okla. Crim. App. 1988).

As to the third and final condition, it suffices to note that Mr. Williams pled to an information charging him with "feloniously" committing the crime of obtaining property under false pretenses, in violation of §§ 1541.1 and 1541.2. Aplt. Br., Att. G; see also Okla. Stat. tit. 21, § 1541.2 (defining a violation as a felony). Under Oklahoma law, a guilty plea "admits the facts pleaded in the information." Lozoya v. State, 932 P.2d 22, 30 (Okla. Crim. App. 1996). Mr. Williams cites Bumpus v. State, 925 P.2d 1208 (Okla. Crim. App. 1996), for the contrary proposition, but that case is easily distinguishable. In Bumpus, the portion of the information that "alleged three separate prior felony convictions . . . was dismissed as part of Appellant's plea agreement." Id. at 1210.

Given that Mr. Williams' plea admitted the facts charged in the information, Lozoya, 932 P.2d at 30, we must reject his argument that he did not plead to the prior felonies, see Aplt. Br., Att. G at 1; see also id., Att. N at 3, as well as his argument that he only pled to a misdemeanor. See Aplt. Br., Att. G at 1 (charging Mr. Williams with "feloniously" obtaining property under false pretenses in violation of § 1541.2). As to the proper method of valuation under §§ 1541.1 and 1541.2, we need not decide whether the district court's denial of Mr. Williams' motion under Rule 201(d) was error. When, as in this case, a sentence enhancement is based on two or more prior felony convictions, any felony crime is subject to enhancement, regardless of whether the crime is

punishable by imprisonment in the penitentiary.   <u>Walker</u>, 953 P.2d at 356.  Under § 1541.2, any violation involving property worth $50 or more is a felony.  There is no evidence in the record to suggest that the tires, which Mr. Williams purported to purchase for $527.28, were in fact worth less than $50.  His argument that the pre-tax value of the tires was less than $500 is unavailing.

Accordingly, we DENY Mr. Williams' application for leave to proceed in forma pauperis and for a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge